## PATTEN *v.* MERCHANTS' AND FARMERS' MUTUAL FIRE-INSURANCE COMPANY.

A misrepresentation in regard to a material fact, made by the plaintiff in his application for insurance in the defendant company, where such statement does not amount to an express warranty, and was made without fraud on the part of the applicant, will not avoid the policy if the defendant company, at the time the application was made, had knowledge of the real existence and true situation of the facts concerning which the misrepresentation was made.

A principal is to be charged with a knowledge of all facts known to his agent.

ASSUMPSIT, upon a policy of insurance, issued by the defendants to the plaintiffs, January 1, 1855, insuring them for one year, in the sum of $3000, upon their brick block in Manchester.

The rules and regulations attached to the policy and the application of the plaintiffs were made a part of the

policy; it being provided in the policy that said " application shall form part of the contract to be taken in connection with this policy." The application, after giving a description of the property, and setting forth several questions and answers, contains this covenant: " And the said applicant hereby covenants and agrees to and with said company, that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant and are material to the risk." The rules and regulations contain similar covenants.

In the application, after a previous inquiry as to the ownership of the property, is this interrogatory: " Is it incumbered by mortgage or otherwise ? If so, for what sum ?" To this the applicants answered in writing, " No."

Upon the trial, the defendants having shown that at the date of the application, December 25, 1855, and at the time of the issuing of the policy, there were upon the property two valid and unsatisfied mortgages to the Manchester Savings Bank, for the sum of $5,000 each, the plaintiffs proposed to prove, by parol evidence, that the agents of the company, Cross & Topliff, made the application and obtained the insurance, and that they had knowledge, at the time, of the existence of the aforesaid mortgages, and that the misrepresentation in the application was without fraud on the part of the insured; to which evidence the defendants objected, contending, among other grounds, that the application being part of the contract, and the interrogatory being put and answered by the applicants, it was not competent for the plaintiffs to thus contradict or explain it; but the court overruled the objection, and admitted the evidence in the manner hereinafter stated, subject to the defendants' exception.

It appeared that Cross & Topliff, a law firm, were the agents of the Company in Manchester, and to show that

they knew that the property was incumbered at the time the application was made, the plaintiffs first called upon Mr. Cross, who testified that he did not know as there was any mortgage on the building insured, but if he had been asked if there was any, he should have said there was. On cross examination he testified that it was only his opinion that the property was incumbered, and that he had no knowledge of the subject; and he further testified that he did not make out the application, and knew nothing about it; that Mr. Topliff did the insurance business. It appeared that Topliff made out the application, and there was no evidence in the cause that Cross knew any thing about it beside what is stated. The plaintiffs then introduced evidence tending to show that at the time the application was made out by Topliff, he had knowledge of the existence of the mortgages; and the defendants introduced evidence tending to show that he had not. To this evidence, introduced by the plaintiffs, the defendants took no exception, except the general one before stated, that the plaintiffs could not contradict or explain the interrogatory or answer in the application.

Upon the point of knowledge of the incumbrances by the company through their agents, the court charged the jury that if they found that Mr. Topliff knew of the existence of the mortgages at the time he made the application, and that there was no fraud on the part of the insured, the misrepresentation in the application by answering the question in the manner in which they did, would not render the policy invalid. In respect to the testimony of Mr. Cross, the court instructed the jury that having no knowledge of the mortgages, but only an opinion from general views of the plaintiffs' condition, and having personally nothing to do with the application, it would not be sufficient against the plaintiffs' own statements in their application.

To these instructions to the jury the defendants excepted, and they moved for a new trial, for supposed error in said ruling of the court and instructions to the jury. And the questions arising upon said motion were reserved for the determination of the whole court.

*Eastman* (with whom were *Cross & Topliff* and *Clark & Smith*), for the defendants.

1. The misrepresentation in regard to the incumbrance was material to the risk, and made void the policy. This was settled when the case was before the court at a former term. *Patten* v. *Ins. Co.*, 38 N. H. 338.

2. The falsity of the answer having been shown by the existence of the mortgages, it was not competent for the plaintiffs to contradict or explain it. They were estopped from saying that it was untrue, or that it was not a misrepresentation. *Davenport* v. *Ins. Co.*, 6 Cush. 340; *Wilbur* v. *Ins. Co.*, 10 Cush. 446; *Bowditch Ins. Co.* v. *Winslow*, 3 Gray 415, 431. And such is the purport of the opinion of *Sawyer*, J., delivered at the former term. 38 N. H. 344.

3. The answer being material, and being in writing, it was a written contract, binding upon the parties, and it was not competent for the plaintiffs by parol evidence to show that the company or its agents knew of the incumbrance, or that the answer was unintentionally false.

4. The authorities in this State which hold that if the agent or the company is aware of facts material to the risk, which are not set forth in the application, the company will be charged with knowledge, do not go to the extent of the rulings and instructions here. They go only to the point that the company will be charged with a knowledge of facts outside of the application which are known to the agent.

5. The instructions to the jury in regard to the testimony of Mr. Cross were in effect that his testimony was

competent for them to consider with the other evidence, although not sufficient of itself alone to give a verdict for the plaintiffs. These instructions were erroneous, and calculated to mislead and prejudice the jury. *Winkley* v. *Foye*, 28 N. H. 519; *Cook* v. *Brown*, 34 N. H. 460; *Center* v. *Center*, 38 N. H. 318.

*W. C. & S. G. Clarke* (with whom were *Morrison & Stanley*), for the plaintiffs.

Upon the instructions of the court the jury must have found that there was no fraud on the part of the plaintiffs in answering, as they did, that the property insured was not incumbered. They must have found that it was an "unintentional misrepresentation." The jury must also have found that Mr. Topliff, the agent of the defendant company, and who filled out the application, had knowledge of the existence of the mortgage. See *Campbell* v. *Ins. Co.*, 37 N. H. 35. But the defendant objects that it is not competent for the plaintiffs to contradict or explain their answer, as given in the application; but the general rule, laid down in *Campbell* v. *Ins. Co.*, is, that unintentional concealment or misrepresentation of facts, known to the agent, will not avoid the policy. We submit that in the case at bar there was an unintentional misrepresentation, coming within the above rule. See, also, *Marshall* v. *Ins. Co.*, 27 N. H. 157. And in *Masters* v. *Ins. Co.*, 11 Barb. 624, the rule of the company required incumbrances, if any, to be stated. The omission to state any was equivalent to the answer given by the plaintiffs in the present case; yet the company being charged with knowledge, the policy was not held void.

SARGENT, J. The exception which was taken to the admissibility of the testimony in this case cannot prevail. The objection was that the interrogatory having been put and answered by the applicants, the present plaintiffs, it

was not competent for them thus to contradict or explain such answer. But the testimony offered had no tendency to contradict or explain the answer given by the applicants, and was not offered, that we can see, for any such purpose. All that it did tend to show, and all that it was probably offered to show was, not to contradict the plaintiffs' answer, for that had already been done by the defendants, by showing that the answer was not true in fact. Nor was it to contradict the fact that the plaintiffs had thus falsely answered the question, nor was it to explain that answer in any way, but merely to show that whatever the answer may have been, however incorrect in its statement of facts, yet, that the agent of the company who drew the application and wrote down this answer of the plaintiffs' upon that application, at the same time that he did so knew perfectly well that the answer was incorrect, and had full knowledge of the existence of the incumbrances whose existence that answer denied. It is the introduction of a new and independent fact, not for the purpose of contradicting or explaining the answer, but to show that whatever the answer may have been, the defendants had not been, and could not have been misled or injured by it. The only portion of the evidence that could be said in any sense to explain the answer given in the application, was that which was offered to show that there was no fraud on the part of the plaintiffs in answering the question incorrectly. There can be no doubt but that this was competent. Where it is admitted that a certain act has been done, or false statement made, and it becomes material to inquire whether it was done or made fraudulently or inadvertently, it would be something new and very extraordinary if the evidence bearing upon that question must all be excluded, upon the ground that it tends to explain the act or statement. A simple statement of the position shows its fallacy. There was, therefore, no foundation for this objection. If the defendants' views of the

law of the case were correct, the proper objection would have been that the testimony offered was immaterial, and could not affect the case, if admitted.

But though the question was not raised in that way, yet the same question is raised upon the ruling of the court, which was, that if the jury found that Mr. Topliff, the defendants' agent, knew of the existence of the mortgages at the time he made application, and that there was no fraud on the part of the insured, the misrepresentation in the application, &c., would not render the policy invalid. Now, if this ruling of the court was right, then the evidence offered was clearly admissible. But if the ruling was wrong, and the fact of the knowledge of the incumbrances on the part of the defendants' agent, is not to affect the case at all, then the evidence was simply immaterial and irrelevant.

Was the ruling of the court correct?

This case has once before been transferred (38 N. H. 338), upon the same state of facts substantially as now appears, except this fact of knowledge on the part of the defendants' agent of the existence of the incumbrances, at the time the application was made; and in the absence of any evidence of such knowledge on the part of the company, the conclusions, as to the effect of the false representations, which were arrived at then, are entirely satisfactory, except that the general current and weight of authority is that the question as to the materiality of the representation is one of fact for the jury, and not one of law for the court. But admitting that the misrepresentation in the plaintiffs' answer was of a material fact, and one which would avoid the policy in the absence of the knowledge of its falsity, the question here arises, whether the existence of such knowledge on the part of the company's agent, at the time of the application, changes the position of the case; and we think, upon an examination of the case and the decisions upon this subject in our State, that

it must be held that such knowledge must and should affect the decision of the cause.

The defendant company is to ·be charged with knowledge of all facts known to their agent. *Marshall* v. *Ins. Co.*, 27 N. H. 157; *Hovey* v. *Blanchard*, 13 N. H. 145; *Campbell* v. *Ins. Co.*, 37 N. H. 35.

In *Boardman* v. *Ins. Co.*, 20 N. H. 551, it is said that to have the effect to avoid the policy, the false representation must have been material, or, in the language of Phil. Ins. 410, the fact represented must be "one upon which the parties can be presumed to have proceeded in making the contract." "A false representation cannot avoid the policy, unless it be on a point material to the risk." A misrepresentation of any fact that is not material does not avoid the contract, while those that are material do so, because they were "such as may be supposed to have had a bearing upon the contract, and to have influenced the defendants in adjusting its terms." This is evidently the true reason why a distinction is made between a misstatement in relation to an immaterial matter, and one that is material; and it is to be presumed, in the absence of evidence to the contrary, that the party does rely upon every representation that is material, and is influenced by it in adjusting the terms of his contract. Hence the propriety of holding, as was held in the former opinion delivered in this case, that, under the circumstances then appearing, the misrepresentation was such as must avoid the policy. But take the case as it is now presented: The defendants, having at the time full knowledge of the existence of the incumbrances, how could they "be supposed to have had a bearing upon the contract, and to have influenced the defendants in adjusting its terms?" or how could such a representation, however false, be said to be "one upon which the parties could be presumed to have proceeded in making the contract?" Why should a misrepresentation, made without fraud, upon a material

point, where the facts are fully known to the other party, and where such representation does not amount to an express warranty, as in this case, be presumed to have been relied and acted upon any more than a mis-statement upon some immaterial matter would be?

So in *Marshall* v. *Columbian Mutual Fire Ins. Co.*, 27 N. H. 165, it is held that when "the application is taken by an agent of the company, acting for them, and he is aware of the facts which are not included in the application, the company will be presumed to know them, and under such circumstances an unintentional misrepresentation or concealment of facts will not make void the policy."

It is claimed in the argument that there is a difference between a concealment of a fact and a misrepresentation concerning the same fact. But if a party intentionally conceals a material fact in his application, and then certifies that he has given a full account of all the circumstances affecting the risk, that would be as much a fraud upon the company, and would avoid the policy as quickly, as though he had made an intentional mis-statement of the same circumstances, and then certified that he had made a true statement, &c. It is as necessary that the company should have a full statement of all material facts, as that the statement of those facts should be correct; and if a company is not to be presumed to have been deceived or misled by such concealment of a material fact, because they had knowledge of its existence, it might be difficult to see how they can any more be held to have been deceived or misled by a mis-statement concerning the same facts, when the company had at the same time full knowledge as to the real state of the case. We see no cause for making any distinction between the two cases. *Campbell* v. *Ins. Co.*, 37 N. H. 35, is also a strong case in favor of the plaintiff; and we see no way, so long as these two decisions last mentioned remain as the law of the State,

in which this verdict can be set aside, unless the court should undertake to make a distinction where there was no difference, at least in the principle involved.

We think the ruling of the court, in relation to the testimony of Cross, was well enough. His testimony was admitted without objection; and after it appeared that he had no positive knowledge upon the subject, the court should, as they did, have suggested that fact to the jury; but we cannot see that the jury would be likely to have been misled by the instructions given.

There must, therefore, be

*Judgment on the verdict.*