[No. 281.   Decided January 12, 1892.]

GUST. GUNDERSON, *Respondent*, v. WILLIAM COCHRANE,
                          *Appellant*.

APPEAL—STATEMENT OF FACTS—BY WHOM SETTLED—NEW TRIAL.

A statement of facts cannot be settled by the judge who tried the
cause after he has gone out of office.

In case a statement of facts has been stricken from the record,
on appeal, for the reason that the same was settled by the judge try-
ing the cause after the expiration of his term of office, a new trial
will not be granted appellant, where he had two months between
the rendition of judgment and the expiration of the judge's term in

which to have the facts settled, and where he made no application to the superior court, after the judge trying the cause had gone out of office, to have the facts settled by the court.

Where the judge who tried a cause has gone out of office, the power to settle the facts on appeal is retained by the court over which he presided, and, in the absence of other regulations, the court can direct the proceeding, on an application for settlement, by rule or order.

*Appeal from Superior Court, King County.*

Motion to strike statement of facts from the record.

*Lewis & Gilman,* for appellant.

*F. W. Hankey,* for respondent.

The opinion of the court was delivered by

Scott, J.—The respondent moves to strike the statement of facts because the judge before whom the cause was tried settled the statement after he had gone out of office, and, under the authority of *Faulconer v. Warner,* 2 Wash. 525 (27 Pac. Rep. 274), the motion must be granted. But appellant contends that he has lost his right of appeal in this case without any fault of his, and that under such circumstances this court should grant him a new trial. He cites us to a number of cases where courts of last resort in other states have upon such grounds granted new trials. But his application fails to make a case for such action upon our part in two particulars: *First,* The cause was determined in the lower court more than two months before the judge went out of office, by the expiration of his term, and there is no showing of diligence in the matters connected with the settlement of the statement. Furthermore, no application was made to the superior court to have the facts settled. Our statute provides that the party desiring to settle a statement shall apply to the "court or judge who tried the cause." It can hardly be supposed that the words "court" and "judge" were both intended

to refer to the person occupying the bench at the time of the trial, and yet this must be so, if only the judge who sat at the trial can settle the statement. This would be giving no effect to the word "court." While the same judge who presided at the trial continues in office, application to settle the facts is always made to him and not to the court. The word "court" must mean something more than the judge who tried the cause. The judges change but the court continues, and it seems to me the more reasonable interpretation of the language is, that while the same judge remains on the bench, application to settle the facts should be made to him, and where he has been succeeded in office by another, the power to settle the facts rests with, or is retained by, the court, and application should be made to it by some sort of proceeding, though most likely it could afterwards be pursued to a determination before the judge at chambers. While no particular manner of proceeding therefor is pointed out by the statute, or fixed by rule, it can be instituted by motion or petition or in any proper way upon due notice to the other party. In the absence of any other regulations, the superior court could direct the proceeding by rule or order. To hold otherwise would lead to results which it seems could not have been contemplated by the legislature. If the judge whose term of office has expired can settle the statement, it must be his duty to do it. It cannot, I think, be contended successfully that it would be optional with him to act or not in the premises. If so, he could settle a statement in one case and refuse to do so in another, and the party for whom he should refuse to act would have no remedy. No such uncertain state of affairs could have been intended. If the statute does fix the power to settle the statement in the person of the judge who tried the cause, then clearly his successor or the court could not act, and if the person who was the judge can act in one case

he must act in all. This would lead to a peculiar condition, if a person who has gone out of office and whose pay stopped the day his office ended, must continue to discharge some of the duties of that office indefinitely, for such uncertain time as he might be required or called upon to act to settle statements upon appeals in cases previously tried before him. While the statute provides that the notice for an application to settle a statement of facts must be given within thirty days after the rendition of judgment, and the day fixed not more than thirty days distant from the time of giving the notice, thus limiting the time in all to sixty days; it also provides that the settlement may be adjourned to a later day by order of said "court or judge," and it would be the duty of the court or judge to adjourn it in some instances where, notwithstanding the use of due diligence, more time should be required, or where the party was prevented from proceeding by circumstances over which he had no control and which he could not avoid, and the length of time he would be required to so serve would thus be rendered still more uncertain. Certainly a person who has gone out of office should not be compelled to perform the duties of that office under such circumstances, and if he cannot be compelled to act in all cases, it follows that he has no option or authority to act in any. Apparently it would be desirable that the law should make it the duty of the judge to proceed with the settling of statements of facts after the expiration of his term of office, in necessary cases. But this is a matter for legislative attention, to fix the time within which he should so proceed and provide for his compensation. The fact that no such provisions were made in any of the statutes relating to the duties of superior court judges and their tenure of office, renders it quite certain that it was not intended to impose this onerous duty upon them after the expiration of their term of office. It is apparent from the whole legislation that it never was

contemplated as a part of the contract. In a proceeding
to settle a statement before a succeeding judge, to assist in
ascertaining the facts, the judge who tried the cause can
be subpœnaed and required to testify. If a case should
arise where the office was vacant, or where the statement
could not be settled for any cause over which the parties
had no control and could not avoid, we might grant a new
trial or take some suitable action in the premises, but it is
sufficient now to say that we have not such a case be-
fore us.

The motion to strike the statement is granted and, as
there is nothing left upon which error can be founded
the judgment is affirmed.

HOYT and STILES JJ., concur.

DUNBAR, J., concurs in the result.

ANDERS, C. J.—For the reasons given in the case of
*Faulconer v. Warner*, I am constrained to dissent.