FARMERS & MERCHANTS INS. CO., APPELLANT, v. NIXON, APPELLEE.

1. ASSIGNMENTS OF ERROR NOT CONSIDERED, WHEN.
Assignments of error on admission of testimony, where specific objections to its admissibility were not made nor proper exceptions saved, will not be considered.
2. GENERAL AGENT—WHO IS—EVIDENCE OF.
A person authorized to accept risks, to agree upon and settle the terms of insurance and to carry them into effect by issuing and renewing policies, is regarded as a general agent of the company pending negotiations.
The possession of blank policies and renewal receipts signed by the president and secretary of the company is evidence of such agency.
3. SAME—POWER.
A general agent can waive any condition inserted in the provisions of a policy of insurance.

*Appeal from the District Court of Yuma County.*

Messrs. MONTGOMERY & FROST, for appellant.

No appearance for appellee.

REED, J., delivered the opinion of the court.

Appellant insured a building used as a hotel, the policy running to appellee. The property was destroyed by fire. Suit was brought to recover the insurance; trial had to a jury; verdict for plaintiff in the sum of $200 and interest; judgment on the verdict. There was no question in regard to the origin of the fire. An open vessel of gasoline for replenishing the fire was brought in by a servant; it took fire and the building was consumed.

The defense was based upon the fact that a gasoline stove was used in the building for cooking; that by the terms of the policy the use of gasoline was prohibited, and that such use of it rendered the policy void. It was contended by the plaintiff that the use of gasoline was known to the agents of the company who effected the insurance at the time of insuring, and that the provision was waived, and that subsequent agents knew the fact, acquiesced in its use and did not cancel the policy. This was denied by appellant. The testimony was rather conflicting but the jury found the issue for the plaintiff and that is conclusive. Several errors are assigned on the admission of testimony. No specific objections to the admissibility of it were made nor proper exceptions saved; hence, the assignments will not be considered. See *Higgins v. Armstrong*, 9 Colo. 57; *Gilpin v. Gilpin*, 12 Colo. 517; *Ward v. Wilms*, 16 Colo. 86.

It is contended that the court erred in refusing the instructions asked by appellant and in those given.

It is insisted that the local agents had no authority to waive the condition; that if it was waived by the agent, the waiver having been by parol and the policy containing no waiver, that it was inoperative, and that it was error to submit the question to the jury. We do not so regard it.

In May on Ins., sec. 126, it is said: " A person authorized to accept risks, to agree upon and settle the terms of insurance and to carry them into effect by issuing and renewing policies, must be regarded as a general agent of the

company pending negotiations * * * and the possession of blank policies and renewal receipts signed by the president and secretary is evidence of such agency." See *Standard etc. Ins. Co. v. Friedenthal,* 1 Colo. Ap. 5; *Pitney v. Glenns Falls Ins. Co.,* 65 N. Y. 6; *Post v. Ætna Ins. Co.,* 43 Barb. (N. Y.) 357; *Carroll v. Charter Oak Ins. Co.,* 40 Barb. (N. Y.) 252.

Authorities are numerous that a general agent can waive any condition inserted in the provisions of a policy of insurance. See *Joliffe v. Ins. Co.,* 39 Wis. 117; *Ins. Co. v. Fennell,* 49 Ill. 180; *Washoe Tool etc. Co. v. Ins. Co.,* 56 N. Y. 613; *Putnam v. Ins. Co.,* 18 Blatch. 368; *Elkins v. Ins. Co.,* 113 Pa. St. 386; *Ball Wagon Co. v. Ins. Co.,* 20 Fed. Rep. 232; *Kings Co. Fire Ins. Co. v. Swigert,* 11 Brad. (Ill.) 590. And such rule seems well founded in reason and justice. The agent should not be allowed to waive a provision in order to secure business, and obtain the money of the insured, and knowing the violation of the provision, acquiesce in it as long as no damage occurs, and when damage accrues, insist upon the provision and the want of authority in the agent to waive it.

The instructions were warranted by the evidence. and in accord with the rules above stated, and the issues of fact having been found for the appellee by the jury the judgment is affirmed.

*Affirmed.*