[No. 451. Decided June 30, 1892.]

LOUIS HENSCHEL, *Respondent*, v. HAMBURG-MAGDEBURG FIRE INSUR-
ANCE COMPANY, *Appellant.*

*Appeal from Superior Court, Pierce County.*

*Ben Sheeks (T. C. Van Ness*, of counsel), for appellant.
*Tripp, Town, Likens & Dillon,* for respondent.

STILES, J.—This case is the same in principle as that of *Henschel v.
Oregon F. & M. Ins. Co. ante,* p. 476, though the terms of the condition
were somewhat different. Upon the authority of the above named
case, the judgment herein is affirmed.

SCOTT and DUNBAR, JJ., concur.

HOYT, J., and ANDERS, C. J., dissent.

---

[No. 386. Decided July 8, 1892.]

T. W. GORDON, *Respondent*, v. CARL L. NELSON, *Appellant.*

*Appeal from Superior Court, King County.*

*Lewis & Gilman,* and *T. J. DePuy,* for appellant.
*McClure & Wheeler,* and *Thompson, Edsen & Humphries,* for respon-
dent.

ANDERS, C. J.—The statement of facts in this case was not
signed and certified by the judge who tried the cause and rendered
judgment therein until two months after he had ceased to hold office,
and, for that reason, respondents claim that the statement is not
legally authenticated, and, therefore, move the court to strike it from
the record.

The question as to the power or authority of a judge to settle and
certify a statement of facts after going out of office was considered and
passed upon by this court in *Faulconer v. Warner,* 2 Wash. 525
(27 Pac. Rep. 274), and in *Gunderson v. Cochrane,* 3 Wash. 476 (28 Pac.
Rep. 1105). And it was held in those cases, that the settlement of a
statement of facts to be made a part of the record on appeal, is the
exercise of a judicial function, which can only be done by a judge
while in office.

On the authority of these cases the motion to strike must prevail,
and, as that leaves nothing for the court to determine, the appeal
must be dismissed.

STILES, HOYT, DUNBAR and SCOTT, JJ., concur.