PHENIX INSURANCE COMPANY OF BROOKLYN V. OTTO COVEY ET AL.

FILED SEPTEMBER 18, 1894. No. 5827.

1. **Pleading**: RULING ON MOTION FOR SPECIFIC STATEMENT: REVIEW. Where no prejudice has resulted from the ruling of the trial court upon a motion for a more specific statement, such ruling will afford no ground of complaint on error.

2. **Fire Insurance**: AGENTS: CONCURRENT INSURANCE: CONSENT: ESTOPPEL. Where an insurance agent, with authority to receive premiums and issue policies, exercises such authority with knowledge of the existence of concurrent insurance on the premises, the company is estopped, after a loss, to insist that the policy is void because consent to such concurrent insurance was not given in writing.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Jacob Fawcett* and *F. M. Sturdevant*, for plaintiff in error.

*Ricketts & Wilson, contra.*

RYAN, C.

On the 29th of January, 1890, Sarah J. Suddith and her husband made to Otto Covey a mortgage to secure payment of eight promissory notes for the aggregate amount of $1,685. On the 10th of February, following, the Phenix Insurance Company of Brooklyn, New York, issued its policy of insurance upon the mortgaged property to its owner, Sarah J. Suddith, containing a provision that " loss, if any, payable to Otto Covey, mortgagee, as his interest may appear." The building insured was wholly destroyed by fire February 18, 1890. The premium was not paid till after the fire, when, with full knowledge of the fact of loss, this premium was accepted by Palmer & Hendee, who, as local agents of the insurance company, had authority to fill out and issue policies on behalf of said insurance company and receive payment of premiums thereon. At the time of the issue of the policy in question it was agreed between the agent of Mrs. Suddith and the aforesaid local agents of the insurance company that payment of the premium might be made at some subsequent time. After the loss the mortgagee brought an action in the district court of Lancaster county, and, upon a trial had, a verdict was returned in his favor against the insurance company, which, as plaintiff in error, presents for our consideration several objections to the judgment and proceedings leading up to it.

It is first insisted that there was error in allowing a reply to be filed during the trial in which a waiver of a re-

striction in the policy as to concurrent insurance was for the first time pleaded. In the answer it was alleged that there was contained in the policy a provision that concurrent with the plaintiff in error's policy of insurance but $1,000 concurrent insurance could be had without the express consent of the company in writing, and that no consent had been obtained, nevertheless the owner of the property had caused to be issued to her policies of concurrent insurance to the amount of $1,500, and that by the express terms of the policy herein sued on said policy was thereby rendered absolutely void. It was in avoidance of these averments that there was in reply pleaded a waiver of this condition by the plaintiff in error. It is quite probable that under many circumstances the motion to make this reply more definite and certain so as to disclose by what officer or agent this waiver was consented to should have been sustained, because otherwise the insurance company might be at a great disadvantage in making its defense to this new affirmative matter. In the case under consideration, however, the waiver was claimed in evidence to have taken place through Palmer & Hendee, agents of the plaintiff in error. Both of these gentlemen were present at the trial and testified on this question, so that it is apparent that no prejudice resulted to the plaintiff in error by the ruling complained of on its motion. No condition is shown to have existed when this ruling was made, which indicates that the discretion of the trial court was abused in allowing the reply to be filed when it was.

There was evidence sufficient to sustain the contention that Messrs. Palmer & Hendee issued the policy sued on with full knowledge that concurrent insurance to the amount of $500 in excess of the limitation of $1,000 had been or was being effected by the assured. It may be true that these agents had no authority to waive the limitation at all. Certainly they could contract for a waiver if thereto empowered, only in the manner fixed by the policy; that is,

in writing.   We do not understand, however, that the defendants in error rely upon a simple contract of waiver. The evidence shows that the premium was received by Palmer & Hendee several days subsequent to the issue of the policy—indeed, after a fire had destroyed the property insured—with full knowledge of the excess in amount of the then existing concurrent insurance.   While they were local agents, it is not shown by the evidence in what respect their powers were special or limited.   It is quite clear, however, that in the first instance they had full power to fix the figures in excess of which no concurrent insurance would be valid by the terms of the policy.   From the fact of being local agents, having necessarily a knowledge of the value of the property insured, this limitation was properly intrusted to them to be fixed.   If the proposed concurrent insurance was more than the value of the insured property justified, the local agents of necessity must be relied upon to refuse to issue a policy.   In this instance, with full knowledge—as the jury must have found—that the concurrent insurance was in excess of the limitation fixed by them, these agents accepted the premium upon the policy issued on behalf of the plaintiff in error, and there has never been an offer to return the said premium or any part of it.   The company was bound, not because its agents had contracted that it should thus be bound, but because the company is estopped to insist upon conditions inconsistent with those by virtue of which it received and has retained the premium on the policy sued on.   (*Hughes v. Ins. Co. of North America*, 40 Neb., 626;  *Phenix Ins. Co. of Brooklyn v. Dungan*, 37 Neb., 468, and authorities therein cited.   See, also, *Hibernia Ins. Co. v. Malevinsky*, 24 S. W. Rep. [Tex.], 804.)

The allowance of attorneys' fees is, in argument, criticised because the allowance was in favor of Messrs. Lamb, Ricketts & Wilson by name.   These fees were, however, taxed as costs, and it would seem that whether taxed as

attorneys' fees by that general designation, or by specially naming the attorneys of record, the power in the court would equally exist, and with equal regularity should be held to have been exercised.

As the insured property was wholly destroyed, there was no requirement or room for arbitration or other ascertainment of the amount of the loss otherwise than as fixed by the statute. (*German Ins. Co. v. Eddy*, 36 Neb., 461.) Shortly after the loss the adjuster for plaintiff in error visited the place where the fire occurred. It was shown that this adjuster was a general agent of the plaintiff in error, and that he repeatedly inquired into all the facts attending the loss complained of and talked with both the mortgagor and mortgagee upon that subject. This adjuster is shown to have denied that the plaintiff in error was liable to Otto Covey, and to have stated to Mr. Covey's attorney that nothing would be paid to him on account of this loss. The effect of this, if found as a fact, was fairly submitted to the jury. The judgment of the district court is

AFFIRMED.