JOSHUA T. BIGELOW

*vs.*

GRANITE STATE FIRE INSURANCE COMPANY.

Somerset.   Opinion February 19, 1900.

*Insurance,—double.   Waiver.   Stat. 1895, c. 18.*

The plaintiff, having an existing valid policy of insurance upon his stock of merchandise in the defendant company, procured of the Imperial Insurance Company, a policy for additional insurance upon the same property.  When he procured the insurance last named, he informed the agent of the Imperial Company of the insurance then in force in the defendant company.  The Imperial Company issued to him a policy for additional insurance upon the same property in the form known as the "Maine Standard Policy" prescribed by P. L. 1895, Chap. 18, which contained the following stipulation:  "This policy shall be void if the insured has now or shall hereafter make any other insurance on said property without the assent in writing or in print of the Company," but did not otherwise assent in writing or in print to the prior existing insurance upon the property insured.  Subsequently and during the term named in the Imperial Company's policy, his policy above named in the defendant company having expired, the plaintiff procured from the defendant company, upon the same property, the policy in suit, also in the "Maine Standard" form and containing the stipulation above recited, but did not inform the defendant or its agents that the property was insured in the Imperial Company; and the fact of such insurance was not known to the defendant or its agent until after a loss had occurred, and the defendant company did not therefore assent in writing or in print to such prior insurance.  A loss by fire having occurred, the Imperial Company without resistance, paid to the plaintiff its proportion of the loss.  The plaintiff brings this suit upon his last named policy in the defendant company to recover its alleged proportional part of the loss.

*Held;* that the action is not maintainable because of the breach of the stipulation above referred to.

An insurance company may waive, for the benefit of the assured, the stipulation above recited.

Notice of prior existing insurance given to the agent of an insurance company, is notice to the company.

ON REPORT.

This was an action on the case upon a policy against fire. The case appears in the opinion.

*Forrest Goodwin*, for plaintiff.

The policy in the Imperial Company was rendered absolutely void when the plaintiff took out his policy in suit, because the condition subsequent in the Imperial policy which provides that " that policy shall be void, if the insured shall hereafter make any other insurance on said property without the assent, &c.," was broken the moment that the plaintiff took out his insurance in the Granite State Company. It was essential to the validity of the contract for prior insurance, that the Imperial Company should be notified in writing of the subsequent insurance. The plaintiff did not notify them of the subsequent insurance and never obtained their consent in writing to the subsequent insurance. Therefore the first policy became absolutely void at once upon the obtaining of the last insurance without consent. Nothing could revive it. A contract to be void upon the happening of a contingency becomes void when that contingency happens. Its condition is violated and it is invalid. The plaintiff says, therefore, that his policy of insurance in the Imperial Company was void, and when the policy in suit was put upon the property there was no valid insurance on it; therefore the defendant company is liable.

This precise case has been decided in some of the states. In most of the states the suit has been brought upon the first policy, and the courts have held that the first policy was good because the second was void. The same reasoning by which the courts arrive at the conclusion,—when suit has been brought upon the first policy,—that the policy was good because the second policy was invalid, applies when suit is brought upon the second policy. But in several of the states the direct case in issue here has been decided. In *Emery* v. *Mutual City Ins. Company*, 51 Mich. 469, the facts were these: "A insured his property in a company, whose policy provided that further insurance without the com-

pany's assent in writing, should render it void. A took a policy in another company; a loss occurred; held, in an .action on the latter policy, and in view of the claim of avoidance in the former one, that the former became void on getting the second policy, and the second policy therefore was not void." The court says:—"A policy that is to be void on a certain contingency cannot be regarded, where that occurs, as existing for any purpose, and whether ended by agreement or by lapse of time or by breach of condition, is to be regarded as no policy."

In the *New York Central Ins. Co.* v. *Watson,* 23 Mich. 486, under facts nearly similar, the court held that the "first policy became absolutely void at once upon the obtaining of the last insurance without consent. Nothing could revive it short of a new contract or a valid consideration, or such conduct as, by misleading the assured to their prejudice, would operate as an estoppel."

This case was cited with approval in *Continental Ins. Co.* v. *Hulman,* 92 Ill. 156, and *N. A. F. Ins. Co.* v. *Zunger,* 63 Ill. 464. See also 10 Mich. R. 279 ; 22 Mich. R. 467.

The principle that the later insurer cannot escape liability unless the earlier insurance remains valid is held in, *N. E. Ins. Co.* v. *Schelter,* 38 Ill. 166 ; *Obermyer* v. *Globe Ins. Co.* 43 Mo. 573 ; *Mitchell* v. *Lycoming Ins. Co.* 51 Penn. State, 402.

The question of the conflict of authority is ably discussed in *Clark* v. *N. E. Ins. Co.,* 6 Cush. 342, and after reviewing all of the cases bearing upon the subject, the Massachusetts court holds that it is fully satisfied with the correctness of the doctrine held in the case of *Jackson* v. *Mass. Mutual Fire Ins. Co.,* 23 Pick. 418, which decision is fully supported by the decision of the Supreme Court of Pennsylvania in *Stacey* v. *Franklin Fire Ins. Co.,* 2 W. & S. 506-544–545. On the latter case, the court says: "The defendant's defense rests on this, that the plaintiffs are doubly insured; but if the plaintiffs could, at no time, have recourse to the N. A. Ins. Co. it cannot with any propriety be said, that they were doubly insured. If the plaintiffs have failed to perfect their contract with the subsequent underwriters, by omitting to have the prior insurance allowed of and specified on the policy as is required, it is difficult

to imagine in what way the prior insurance can be invalidated or affected. It is a vain, nugatory, void act. An assurance to avoid a policy, must be a valid and legal policy and effectual and binding upon the assurers."

Some of the cases holding this view are *Jersey City Ins. Co.* v. *Nichol*, 35 N. J. Eq. 201, (S. C. 40 Am. Rep. 625); *Jackson* v. *Mass. Mutual Fire Ins. Co.*, 23 Pick. 418, (S. C. 34 Am. Dec. 69); *Hardy* v. *Union Mut. Fire Ins. Co.*, 4 Allen, 217; *Thomas* v. *Builder's Mut. Fire Ins. Co.*, 119 Mass. 121; *Gale* v. *Belknap Ins. Co.*, 41 N. H. 170; *Rising Sun Ins. Co.* v. *Slaughter*, 21 Ind. 520; *Mitchell* v. *Lycoming Ins. Co.*, 51 Penn. State, 402; *Hubbard* v. *Hartford Ins. Co.*, 33 Iowa, 325; *Knight* v. *Eureka Ins. Co.*, 26 Ohio St. 664.

The question has also received a very able and elaborate discussion in our own State, in the case of *Lindley* v. *Union Farmers Mutual Fire Ins. Co.*, 65 Maine, 368.

In that case the plaintiff took out a policy of insurance in the defendant company, subsequently he took out another policy of insurance upon the same property, in the Hartford Ins. Co.; the first policy contained a provision against other insurance without notice in writing, and the Hartford policy contained a provision of forfeiture, "if the assured shall have, or shall hereafter make any other insurance on the property hereby insured, whether such other insurance is valid or invalid, without the consent of the company written hereon."

Neither of the companies gave the consent provided in the policies; the buildings were burned while both of the policies were in force; the plaintiff brought suit upon the Hartford policy, which occupied precisely the same position in that case as the defendant company does in the case at bar; and the Hartford Company settled. The plaintiff then brought suit against the Union Farmers Mut. Fire Ins. Co. The court held that the first policy was not void by reason of the subsequently acquired insurance; they held that the Hartford Company's policy was void, and therefore the first policy was not void.

It makes *no* difference that the Imperial Co. treated its policy

as a valid and subsisting contract, and paid its proportion of the loss, (if they were not obliged to pay,) if their contract was invalid and void. No matter what they have done since, it has no effect. They could have made the plaintiff a present, if they saw fit; if they were not compelled to pay legally, the fact that they have paid has no bearing upon the defendant company.

This point was decided in the case, *Lindley* v. *Union Farmers Mutual Fire Ins. Co.*, supra; *Philbrook* v. *N. E. Mut. Fire Ins. Co.*, 37 Maine, 137; *Thomas* v. *Builders Mut. Fire Ins. Co.*, supra.

*Leslie C. Cornish*, for defendant.

SITTING: HASKELL, WHITEHOUSE, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. This is an action of assumpsit upon a policy of insurance dated February 13, 1896. The case is submitted to the law court on report. The history of the case is thus:

February 13, 1895, the plaintiff obtained from the Granite State Fire Insurance Company a policy of insurance of that date upon his stock of merchandise and fixtures contained in his store in Norridgewock, in the sum of six hundred dollars, for the term of one year. July 23, 1895, he obtained from the Imperial Insurance Company a policy of insurance upon the same property in the sum of six hundred dollars for one year. February 13, 1896, he obtained from the defendant company the policy in suit upon the same property in the sum of six hundred dollars for one year.

A fire occurred June 25, 1896, which destroyed a large portion of the property insured. In his proof of loss the plaintiff stated that the value of the property insured was $1037.19, and that the value of the portion destroyed was $841.85. The policy in the Imperial Company and the policy in suit were each in the form known as the "Maine Standard Policy" as required by P. L. 1895, Chap. 18. Each of said last named policies contained this stipulation: "This policy shall be void if the insured has now, or shall hereafter make any other insurance on said property, without the assent in writing or in print of the company".

When the plaintiff obtained his policy from the Imperial Company July 23, 1895, he orally notified the agent of that company that he already had six hundred dollars insured on the same property in the Granite State Company under its policy of February 13, 1895. When, however, he obtained the policy in suit, February 13, 1896, he did not inform the defendant company or its agent, that the property was then insured in the Imperial Company, and the defendant company had no knowledge of such prior insurance until after the loss occurred.

The Imperial Insurance Company paid to the plaintiff without resistance, its proportional part of the loss under a stipulation in its policy that in case of other insurance it should pay only its proportion of the loss. The defendant, the Granite State Insurance Company, refused to pay any part of the loss and the plaintiff has brought this suit against it, counting upon its policy of February 13, 1896. The defendant company invokes the stipulation or condition above quoted from its policy as to other insurance, and claims that the plaintiff's failure to give it notice of the existing insurance in the Imperial Company under its policy of July 23, 1895, and to obtain the assent of the defendant company in writing or print to such insurance, enables it to avoid the policy in suit.

The plaintiff meets this position of the defense by alleging that the policy of the Imperial Insurance Company was not, at the time when he took out the policy in suit, a valid contract of insurance, but was invalid and void, because the Imperial Company did not assent in writing or in print to the insurance on the same property under the policy of the Granite State Company of February 13, 1895; and that, therefore, the policy in suit is valid and binding upon the defendant, although he gave no notice to it of the policy of the Imperial Company nor obtained its consent thereto. He asks this court to declare, in order that he may maintain this action, invalid his contract with the Imperial Company, though that company is not a party to this suit and although that company has fully performed such contract on its part, and although the plaintiff has demanded and received and still retains the money paid by that company under such contract on account of the

destruction of the property insured.   This we cannot do, for we are of opinion that such contract of insurance in the Imperial Company was existing, valid and binding at the time when the plaintiff obtained the policy in suit from the defendant company.

The agent of the Imperial Insurance Company, when its policy was issued, had knowledge, derived from the plaintiff, that the property insured was also insured by the Granite State Fire Insurance Company by and under its policy of February 13, 1895. The agent's knowledge was, in law, the knowledge of his company.   *Hilton* v. *Phoenix Ins. Co.*, 92 Maine, 279.   Having such knowledge the Imperial Company issued its policy of July 23, 1895.  It is true that the company did not assent to the prior insurance, unless the writing and delivery of its policy was such assent, but the fact that the company issued its policy, and the further fact that it did not deny its liability under the policy, but paid its proportion of the loss, are sufficient evidence that the company waived the stipulation in question.   That an insurance company may, for the benefit of the assured, waive express stipulations, or conditions contained in its policy is too thoroughly settled by this court to require citation of authorities.

Although the act of 1895 prescribes the form of a standard policy and the stipulations to be contained therein, it does not restrict or abridge the right of waiver.   In the case at bar the Imperial Company had knowledge of the prior contract of insurance. Its failure to assent thereto "in writing or in print", was undoubtedly its own neglect or inattention.   It would be a reproach to the law to hold that the company had not the right to waive such omission or failure.

The defendant company when it issued the policy in suit had no knowledge or notice of the Imperial policy and had no knowledge of the fact until after the loss occurred.   It could not, and did not assent in writing or in print, to such prior contract of insurance. There is no evidence of waiver on its part.   By the express terms of the policy in suit the defendant company is absolved from all liability thereunder.

*Judgment for defendant.*

Mr. Justice EMERY concurred in the result.