The policy sued on contains this provision:
"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."
Also the following:
"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions, as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of the policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."
In the suit on the policy the company defended upon the ground that there was other insurance existing at and prior to the time the policy was delivered, and that consent thereto was not indorsed upon the policy. In avoidance of this defense, the plaintiff replied by saying that the agent of the company, at and prior to the time of the delivery of the policy, was advised and knew of the existence of this other insurance, and that on that *Page 416 
account he was entitled to recover, notwithstanding the failure to indorse the consent in writing.
This presents a question which is of first impression in this state. The territorial decisions, following those of the United States, have held that under these facts the company was not liable. Liverpool, London Globe Ins. Co. v. Richardson LumberCo., 11 Okla. 585, 69 P. 938; Gish v. Ins. Co. of NorthAmerica, 16 Okla. 59, 87 P. 869, 13 L. R. A. (N. S.) 826. Those cases were correctly decided, because the Supreme Court of the territory was bound by decisions of the Supreme Court of the United States, and that court had established the rule inNorthern Assurance Co. v. Grand View Building Association,183 U.S. 308, 22 Sup. Ct. 133, 46 L.Ed. 213. Since the admission of the state, the question has arisen in several cases upon contracts arising prior to statehood, and this court has followed Northern Assurance Co. v. Grand View BuildingAssociation, supra, because it controlled the rights of the parties at that time, but has expressly reserved this question as applied to cases arising since statehood. In Sullivan v.Mercantile Town Mut. Ins. Co., 20 Okla. 460, 465, 94 P. 676, 129 Am. St. Rep. 761, this court, in referring to NorthernAssurance Co. v. Grand View Building Ass'n, says:
While we do not wish to be understood as saying that it is our opinion that the doctrine announced in that case is in harmony with the weight of authorities upon this question, or that it is supported by the better reasoning, yet on account of the fact that the rule announced in said case was the law controlling the courts in the Indian Territory at the time of the trial of the case at bar we are constrained to follow in this case the rule announced therein."
In State Mut. Ins. Co. v. Craig, 27 Okla. 90, 111 P. 325, the same conclusion was reached, but subject to the same reservation; the opinion in this case quoting the reservation from Sullivan v. Mercantile Town Mut. Ins. Co., supra. PhoenixIns. Co. v. Ceaphus, 29 Okla. 608, 119 P. 583, follows this rule, but with the same reservation.
This case, however, arose after the admission of the state, and we are no longer bound by the decision in NorthernAssurance *Page 417 Co. v. Grand View Building Ass'n, supra, although we very frankly concede that the argument of that case is very powerful, and the persuasive force of the decisions of that eminent court have great weight with us as authority. Massachusetts adopts the same rule as the Supreme Court of the United States. Parker v. Rochester German Ins. Co.,162 Mass. 479, 39 N.E. 179; Putnam Tool Co. v. Fitchburg Mut. F. Ins.Co., 145 Mass. 265, 13 N.E. 902; Pender v. Am. Mut. Ins. Co.,
12 Cush. (Mass.) 469; Worcester Bank v. Hartford F. Ins. Co.,
11 Cush. (Mass.) 265, 59 Am. Dec. 145. We believe, though, that all the other states hold that, where the local agent is advised and has knowledge of the existing insurance at the time he writes and delivers the policy, the company is bound, notwithstanding the want of a written indorsement. Various reasons are assigned by the courts for this conclusion, and we do not feel that it is necessary for us to undertake to analyze the decisions. There are exhaustive notes on the subject in connection with Gish v. Ins. Co. of North America, 16 Okla. 59,87 P. 869, as reported in 13 L. R. A. (N. S.) 827, and the case of Haapa v. Metropolitan Life Ins. Co., 150 Mich. 467, 114 N.W. 380, as reported in 16 L. R. A. (N. S.) 1165, 121 Am. St. Rep. 627, and Johnson v. Aetna Ins. Co., 123 Ga. 404, 51 S.E. 339, as reported in 107 Am. St. Rep. 92, the note beginning on page 99.
It seems to us that the local agent of the company, who has authority to make the contract of insurance and to indorse the company's consent to this provision upon the contract, is the company's representative for the purpose of waiving such an indorsement. Indeed, in the policy sued on, which appears to be signed by the president and secretary of the company, it is expressly provided:
"But this policy shall not be valid until countersigned by the duly authorized agent of the company at Morris, Oklahoma."
If, therefore, this agent had authority to make the contract of insurance, and authority to indorse thereon the consent of the company to the existence of other insurance, it seems to us that when he is advised of this other insurance, and has full knowledge thereof, and executes and delivers the contract and receives *Page 418 
the premium from the insured, the company is bound by his knowledge, and that it is immaterial whether we call it a waiver or an estoppel, or any other name; and this conclusion has been reached by the highest courts of the following states: Alabama, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Illinois, Indiana, Indian Territory, Idaho, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming. Cowart v. Capital City Ins. Co., 114 Ala. 356, 22 So. 574; Pope v. Glens Falls Ins. Co., 130 Ala. 356, 30 So. 496; Triple Link M. Ins. Ass'n v. Williams, 121 Ala. 138, 26 So. 19, 77 Am. St. Rep. 34; Western Assur. Co. v.Stoddard, 88 Ala. 606, 7 So. 379; State Mut. Ins. Co. v.Latourette, 71 Ark. 242, 74 S.W. 300, 100 Am. St. Rep. 63;German-American Ins. Co. v. Humphrey, 62 Ark. 348, 35 S.W. 428, 54 Am. St. Rep. 297; Dwelling House Ins. Co. v. Brodie,52 Ark. 11, 11 S.W. 1016, 4 L. R. A. 458; Allen v. Home Ins. Co.,133 Cal. 29, 65 P. 138; Breedlove v. Norwich Union Fire Ins.Soc., 124 Cal. 164, 56 P. 770; Farnum v. Phoenix Ins. Co.,83 Cal. 246, 23 P. 869, 17 Am. St. Rep. 233; West Coast LumberCo. v. State Ins. Co., 98 Cal. 502, 33 P. 258; Kruger v.Western Fire Ins. Co., 72 Cal. 91, 13 P. 156, 1 Am. St. Rep. 42; American Cent. Ins. Co. v. Donlon, 16 Colo. App. 416, 66 P. 249; German Ins. Co. v. Hayden, 21 Colo. 127, 40 P. 453, 52 Am. St. Rep. 206; Farmers' Merchants' Ins. Co. v. Nixon,2 Colo. App. 265, 30 P. 42; Hartford Fire Ins. Co. v. Redding,47 Fla. 248, 37 So. 62, 67 L. R. A. 518, 110 Am. St. Rep. 118; Johnson v. Aetna Ins. Co., 123 Ga. 404, 51 S.E. 339, 107 Am. St. Rep. 92; Swain v. Macon Fire Ins. Co., 102 Ga. 96, 29 S.E. 147; Phoenix Ins. Co. v. Searles, 100 Ga. 97, 27 S.E. 779;Mechanics' Traders' Ins. Co. of New Orleans v. Mutual RealEstate Building Ass'n, 98 Ga. 262, 25 S.E. 457; German-AmericanIns. Co. v. Paul, 5 Ind. T. 703, 83 S.W. 60; Allen v. PhoenixIns. Co., 12 Idaho, 653, 88 P. 245, 8 L. R. A. (N. S.) 903, 10 Ann. Cas. *Page 419 
328; Orient Ins. Co. v. McKnight, 197 Ill. 190, 64 N.E., 339;Security Trust Co. v. Tarpey, 182 Ill. 52, 54 N.E. 1041;Phoenix Ins. Co. v. Hart, 149 Ill. 513, 36 N.E. 990; GermaniaFire Ins. Co. v. Hick, 125 Ill. 361, 17 N.E. 792, 8 Am. St. Rep. 384; German-American Ins. Co. v. Yeagley, 163 Ind. 666, 71 N.E. 897, 2 Ann. Cas. 275; Farmers' Ins. Ass'n v. Reavis,163 Ind. 321, 70 N.E. 518, 71 N.E. 905; Havens v. Home Ins. Co.,111 Ind. 90, 12 N.E. 137, 60 Am. Rep. 689; Home Ins. Co. v.Duke, 84 Ind. 253; Gurnett v. Atlas Mut. Ins. Co., 124 Iowa, 547, 100 N.W. 542; Erb v. Fidelity Ins. Co., 99 Iowa, 727, 69 N.W. 261; Hagan v. Merchants', etc., Ins. Co., 81 Iowa, 321, 46 N.W. 1114, 25 Am. St. Rep. 493; Miller v. Hartford Fire Ins.Co., 70 Iowa, 704, 29 N.W. 411; Hartford Fire Ins. Co. v.McCarthy, 69 Kan. 555, 77 P. 90; Hulen v. Nat. Fire Ins. Co.of Hartford, Conn., 80 Kan. 127, 102 P. 52; German Ins. Co.v. Gray, 43 Kan. 497, 23 P. 637, 8 L. R. A. 70, 19 Am. St. Rep. 150; Continental Ins. Co. of N.Y. v. Pearce, 39 Kan. 396, 18 P. 291, 7 Am. St. Rep. 557; Niagara Fire Ins. Co. v.Johnson, 4 Kan. App. 16, 45 P. 789; Phoenix Ins. Co. v.Spiers, 81 Ky. 285, 8 S.W. 453; London Lancashire Fire Ins.Co. v. Gerteisen, 106 Ky. 815, 51 S.W. 617; Brumfield v. Ins.Co., 87 Ky. 122, 7 S.W. 893; Mongeau v. Liverpool London Ins.Co., 128 La. 654, 55 So. 6; Bigelow v. Granite State FireIns. Co., 94 Me. 39, 46 A. 808; Hilton v. Phoenix Assur. Co.,92 Me. 272, 42 A. 412; Hartford Fire Ins. Co. v. Keating,86 Md. 130, 38 A. 29, 63 Am. St. Rep. 499; Maryland Fire Ins.Co. v. Gusdorf, 43 Md. 506; National Fire Ins. Co. v. Crane,16 Md. 260, 77 Am. Dec. 289; Morgan v. Ill. Ins. Co., 130 Mich. 427, 90 N.W. 40; Beebe v. Ohio Farmers' Ins. Co., 93 Mich. 514, 53 N.W. 818, 18 L. R. A. 481, 32 Am. St. Rep. 519; Farmers'Mut. Fire Ins. Co. v. Gargett, 42 Mich. 289, 3 N.W. 954; Mich.State Ins. Co. v. Lewis, 30 Mich. 41; Andrus v. MarylandCasualty Co., 91 Minn. 358, 98 N.W. 200; In re Millers' Manufacturers' Ins. Co., 97 Minn. 98, 106 N.W. 485, 4 L. R. A. (N. S.) 231, 7 Ann. Cas. 1144; Brandup v. St. Paul F. M. Ins.Co., 27 Minn. 393, 7 N.W. 735; Southern Ins. Co. v. Stewart
(Miss.) 30 So. 755; Home Ins. Co. v. Gibson, 72 Miss. 58, 17 So. 13; Equitable F. Ins. Co. v. Alexander *Page 420 
(Miss.) 12 So. 25; Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S.W. 889; Cagle v. Chillicothe Town Mut. Fire Ins. Co.,
78 Mo. App. 431; Williams v. Bankers' Merchants' Town Mut.Fire Ins. Co., 73 Mo. App. 607; Parsons v. Knoxville F. Ins.Co., 132 Mo. 583, 31 S.W. 117, 34 S.W. 476; Hamilton v.Insurance Co., 94 Mo. 353, 7 S.W. 261; Hartford Fire Ins. Co.v. Landfare, 63 Neb. 559, 88 N.W. 779; Home Fire Ins. Co. v.Hammang, 44 Neb. 566, 62 N.W. 883; Insurance Co. v. Covey,41 Neb. 724, 60 N.W. 12; Spalding v. New Hampshire Fire Ins. Co.,71 N.H. 441, 52 A. 858; Hadley v. Insurance Co., 55 N.H. 110;Patten v. Merchants', etc., M. F. Ins. Co., 40 N.H. 375;Redstrake v. Cumberland Mut. F. Ins. Co., 44 N.J. Law, 294;Lewis v. Guardian F. L. Assur. Co., 181 N.Y. 392,74 N.E. 224, 106 Am. St. Rep. 557; Benjamin v. Palatine Ins. Co.,177 N.Y. 588, 70 N.E. 1095; Wood v. Am. F. Ins. Co., 149 N.Y. 382,44 N.E. 80, 52 Am. St. Rep. 733; Forward v. Continental Ins.Co., 142 N.Y. 382, 37 N.E. 615, 25 L. R. A. 637; Cowell v.Phoenix Ins. Co., 126 N.C. 684, 36 S.E. 184; Clapp v. Farmers'Mut. Fire Ins. Ass'n, 126 N.C. 388, 35 S.E. 617; Follette v.Mut. Accident Ass'n, 110 N.C. 377, 14 S.E. 923, 15 L. R. A. 668, 28 Am. St. Rep. 693; Grubbs v. North Carolina Home Ins.Co., 108 N.C. 472, 13 S.E. 236, 23 Am. St. Rep. 62; HartfordProtection Co. v. Harmer, 2 Ohio St. 452, 59 Am. Dec. 684;Koshland v. Home Ins. Co., 31 Or. 321, 49 P. 864, 50 P. 567; Arthur v. Palatine Ins. Co., 35 Or. 27, 57 P. 62, 76 Am. St. Rep. 450; McGonigle v. Susquehanna Mut. Fire Ins. Co.,168 Pa. 1, 31 A. 868; Mentz v. Lancaster F. Ins. Co., 79 Pa. 475;Davis v. Fireman's Fund Ins. Co., 5. Pa. Super. Ct. 506; Id., 28 Pittsb. Leg. J. (N. S.) 91; Id., 40 Wkly. Notes Cas. (Pa.) 569; Reed v. Equitable F., etc., Co., 17 R.I. 785,24 A. 833, 18 L. R. A. 496; Fludd v. Equitable Life Assur. Soc.,75 S.C. 315, 55 S.E. 762; Pearlstine v. Phoenix Ins. Co.,74 S.C. 246, 54 S.E. 372; McBryde v. S.C. Mut. Ins. Co.,55 S.C. 589, 33 S.E. 729, 74 Am. St. Rep. 769; Graham v. American FireIns. Co., 48 S.C. 195, 26 S.E. 323, 59 Am. St. Rep. 707; Veseyv. Commercial Union Assur. Co., 18 S.D. 632, 101 N.W. 1074;Aetna Life Ins. Co. v. Fallow, 110 Tenn. 720, 77 S.W. 937; HomeIns. *Page 421 Co. v. Stone River Nat. Bank, 88 Tenn. 369, 12 S.W. 915;Continental Ins. Co. v. Cummings, 98 Tex. 115, 81 S.W. 705;Continental F. Ass'n v. Norris, 30 Tex. Civ. App. 299,70 S.W. 769; Hartford Fire Ins. Co. v. Post, 25 Tex. Civ. App. 428,62 S.W. 140; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549,50 S.W. 569; Morrison v. Ins. Co. of North America, 69 Tex. 353, 6 S.W. 605, 5 Am. St. Rep. 63; Osborne v. Phenix Ins. Co., 23 Utah, 428, 64 P. 1103; West v. Norwich Union Fire Ins. Soc.,
10 Utah, 442, 37 P. 685; Tarbell v. Vt. Mut. F. Ins. Co.,63 Vt. 53, 22 A. 533; Ring v. Windsor Co. Mut. F. Ins. Co.,51 Vt. 563; Westchester F. Ins. Co. v. Ocean View Pleasure PierCo., 106 Va. 633, 56 S.E. 584; Ga. Home Ins. Co. v. Goode,95 Va. 751, 30 S.E. 366; Mutual Fire Ins. Co. v. Ward, 95 Va. 231, 28 S.E. 209; Mesterman v. Home Mut. Ins. Co., 5 Wn. 524, 32 P. 458, 34 Am. St. Rep. 877; Henschel v. Hamburg-Magdeburg F.Ins. Co., 4 Wn. 817, 30 P. 736; Medley v. German AllianceIns. Co., 55 W. Va. 342, 47 S.E. 101, 2 Ann. Cas. 99; Woolpertv. Franklin Ins. Co., 42 W. Va. 647, 26 S.E. 521; Coles v.Jefferson Ins. Co., 41 W. Va. 261, 23 S.E. 732; Welch v. FireAss'n of Philadelphia, 120 Wis. 456, 98 N.W. 227; Trustees ofSt. Clara Female Academy v. Northwestern Nat. Ins. Co.,98 Wis. 257, 73 N.W. 767; Schultz v. Caledonian Ins. Co., Edinburgh,Scot., 94 Wis. 42, 68 N.W. 414; Kahn v. Traders' Ins. Co.,4 Wyo. 419, 34 P. 1059, 62 Am. St. Rep. 47.
We feel that this rule, established by such an overwhelming weight of authority, should be followed by us, and we are the more ready to do so because it accords with our sense of justice. Indeed, this result is foreshadowed by the decisions of this court in Arkansas Ins. Co. v. Cox, 21 Okla. 873,98 P. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, and inPort Huron Engine Thresher Co. v. Ball, 30 Okla. 11,118 P. 393. In Arkansas Ins. Co. v. Cox, 21 Okla. page 880, 98 Pac. page 555, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, it is said:
"Defendant insists that the answers of plaintiff in his application as to his interest in the dwelling house and barn insured and the land on which the same was situated were false, and that he did not have the unconditional and sole ownership, both legal and equitable, of the property, and that he was not the owner *Page 422 
of the fee-simple title to the land on which said buildings were situated, and that by reason of such facts the policy, under the provision thereof quoted supra, was void. There was no misrepresentation by plaintiff in his application as to who owned the legal title to the land on which the property was situated. His answer to the questions in the application discloses that the same was held in the name of R. L. Folsom. This fact was known to the insurance company by the written application of plaintiff, containing such answer, being before the company at the time it issued the policy sued on; and the company, having with full knowledge issued the policy to plaintiff, cannot now insist upon the clause in the policy requiring the insured to be the unconditional and sole owner of the legal title, but will be held to have waived such condition. The law will not permit it, with full knowledge of the condition of the legal title to the land on which the insured's property was located, to accept the application and the premium note given by the insured in payment of the premium on the policy, and to insert in the policy a provision contrary to the conditions of the title as represented by the application by which it may defeat the right of recovery in case of loss. German-American Ins. Co. v. Paul, 5 Ind. T. 703, 83 S.W. 60; Allen v. Phoenix Ins. Co., 12 Idaho, 653, 88 P. 245, 8 L. R. A. (N. S.) 903 [10 Ann. Cas. 328]."
In Port Huron Engine Thresher Co. v. Ball, supra, the second paragraph of the syllabus is as follows:
"Provisions in a contract of sale of machinery, requiring the purchaser, if not satisfied with the machinery at the end of the first day, to notify the company at its home office and give it time to send mechanics to operate the machine, and further providing that, if the purchaser is not satisfied after the test is made by these mechanics, he shall procure some other machine for a competitive test, and further providing that none of the conditions of the contract may be waived, except in writing, signed by an officer of the seller, may all be waived by the seller, if in response to an informal notice it sends agents to examine and test the machinery, who make promises of repairs and adjustments, upon which the purchaser relies in future dealings with the seller."
Upon the importance of adopting a rule established by the great weight of authority, this court, in Lutz v. TahlequahWater Co., 29 Okla. 171, 173, 118 P. 128, 129 (36 L. R. A. [N. S.] 568), observes:
"True it is, as suggested by counsel, there are nearly 50 appellate courts in this nation, each and all industriously grinding *Page 423 
out its grist of precedent. But the hopeful observation is to be indulged in this connection that of late years the universal dissemination among these courts of the conclusions reached by all has had a very marked tendency toward bringing uniformity out of judicial precedents, where before there had been conflict. Thus, by the very force of the weight of authority and precedent, a uniform code and system of jurisprudence is being gradually evolved. As a political body or nation, we have numerous jurisdictions, yet the lines separating them are merely arbitrary and artificial. As a people, we have a common destiny; we are one, with one life, one language, one great system of commercialism, and, manifestly, for the peace, tranquility, economy, and general welfare of all, but one set of laws or rules of action should obtain. There is no reason why the crossing of a state line should change the legal relations, obligations, or duties which one citizen owes to another, and that it does so is distracting and wasteful, and leads to loss, dissent, uncertainty."
The burden of proof, however, clearly rests upon the plaintiff to prove the facts upon which he relies for the waiver. 29 Am. Eng. Enc. of Law (2d Ed.) 1095. As there was no evidence whatever upon the subject, it was error to submit the case to the jury, and for this reason the case must be reversed.
As the other errors assigned are not necessary to a decision of this case, and as they may not arise upon a new trial, it will not be necessary to consider them.
The case should be reversed, and remanded for a new trial.
By the Court: It is so ordered. *Page 424