————————O————————

A. M. JULIAN, *et al.*, Defendants in Error, *vs.* E. H. BOREN,
*et al.*, Plaintiffs in Error.

1. *Sheriff's deed—Recitals in—What will not pass title.*—A sheriff's deed recited a
judgment and execution against A. and B., and levy of the same upon their in-
terest in certain described land, and the sale on a day named of all the inter-
est in said land of A., B. and C. It then proceeded to convey to the vendee
at the sale all the title of A., B. and C, which the sheriff might sell by virtue
of the execution. *Held*, that the sheriff's deed did not pass the title of C. to
any land.

*Error to Greene Circuit Court.*

*McAfee & Phelps*, for Plaintiffs in Error.

*J. P. Ellis*, for Defendants in Error.

VORIES, Judge, delivered the opinion of the court.

This was an action of ejectment, brought by the defendants
in error, against the plaintiffs in error, to recover the posses-
sion of the north half of lot No. 40 in Kimbaugh's second
addition to the city of Springfield, Greene County, Missouri.
The petition is in the usual form. The answer of the defend-
ants simply denied the allegations of the petition. A trial
was had before the court, a jury having been waived by the
parties. Upon the trial it was admitted by the parties, that
both parties claimed title to the premises in controversy under
and through Nicholas F. Jones and George M. Jones as a
common source of title. The only evidence offered by the
plaintiffs was a deed from George M. Jones to the plaintiffs,

dated the 28th day of June, 1867, which, it was admitted by the defendants, was sufficient in form to convey the title to the lot to plaintiffs. The defendants then read in evidence a deed executed by one Thomas A. Reed, as sheriff of Greene County, purporting to convey the premises in controversy to Deborah Anderson. In this deed it was recited, that on the 28th day of May, 1862, an attachment was issued from the Clerk's office of Greene County, in favor of William J. McDaniel and against Nicholas F. Jones, George M. Jones and James S. Jones; that on the 14th day of July, 1862, it was levied on the premises in controversy as the property of said defendants; that on the 5th day of December, 1862, a judgment was rendered in the Greene Circuit Court in favor of William J. McDaniel and against Nicholas F. Jones, George M. Jones, and James S. Jones for the sum of $299 debt, and $54 93-100 for damages, upon which judgment execution issued from the clerk's office on the 2nd day of January, 1863, and which was, on said day, delivered to the said sheriff. Said deed then proceeded further to recite as follows: "Whereas, on the sixth day of February, in the year of our Lord, one thousand eight hundred and sixty-one, a judgment was rendered in the Circuit Court of the County of Greene, in favor of Mercer Moody and against Nicholas F. Jones and James S. Jones, for the sum of fourteen hundred and thirteen and 61-100 dollars for debt and —— dollars for damages, upon which judgment an *alias* execution issued from the clerk's office of said Court in favor of said Mercer Moody and against the said James S. Jones and Nicholas F. Jones, dated the second day of January, 1863, directed to the sheriff of the county of Greene, and the same was to him delivered on the second day of January, 1863, by virtue of which said execution, I, the said sheriff, did on the sixth day of January, 1863, levy upon and seize all the right, title, interest and estate of the said Nicholas F. Jones and James S. Jones in and to the following described real estate, situate in my said county, to-wit: north half of lot No. (1) one, in Kimbaugh's second addition to the City of Springfield, Greene County, State of Missouri; and having, previously to the day of sale hereinafter mentioned,

given at least twenty days' notice of the time and place of sale and of the real estate to be sold and where situate, as the law directs, by advertisement in the "Springfield Missourian," a newspaper printed in my said county, by virtue of which said execution and notice I did, on the 29th day of January, 1863, between the hours of nine o'clock in the forenoon and five o'clock in the afternoon of that day, agreeable to said notice, at the court house door in my said county of Greene, during the session of the Circuit Court of my said county at the January term thereof, for the year one thousand, eight hundred and sixty-three, expose to sale at public auction for ready money all the right, title, interest and estate of the said Nicholas F. Jones, and George M. Jones of and to the above described real estate; and Deborah A. Anderson being the highest and best bidder for said real estate at the price and sum of four hundred and twenty-three dollars, the same was stricken off and sold to the said Deborah A. Anderson for that sum."

The sheriff's deed then proceeds to convey all of the right, title and interest of the said Nicholas F. Jones, James S. Jones and George M. Jones, that he might sell as sheriff aforesaid, by virtue of the aforesaid execution and notice.

The defendants then read in evidence a deed from D. A. Anderson to James Vaughn, dated April 20th, 1863, and a deed from James Vaughn to defendants, dated April 30th, 1864, each of said deeds conveying the property sued for, and which said deeds, it is admitted, are in due form and properly acknowledged. This closed the evidence on the part of the defendants.

The plaintiffs then, to rebut the evidence of the defendants, and destroy the force thereof, read in evidence a transcript of the judgment and proceedings in the cause of William J. McDaniel vs. N. F., Geo. M., and James S. Jones, upon which judgment and proceedings, it is said, the said sheriff's deed read in evidence is based. By this transcript it appears, that Wm. J. McDaniel filed a petition in the Greene Circuit Court against Nicholas, James S., and George M. Jones; that, on the 23d day of July, 1861, an affidavit and bond were

made in the cause for an attachment against the defendants, Nicholas F. and George M. Jones; that an attachment was issued against all three of the defendants, bearing date the 28th day of May, 1862; that on the 12th day of June, 1862, said attachment was levied on a large amount of property as the property of the defendants; that, on the 14th day of July, 1862, the attachment was levied on the property in controversy as the property of George M. and Nicholas F. Jones, and a further return on the attachment, that none of the defendants could be found; that an order of publication was made and published against all of the defendants; that, on the 5th day of December, 1862, a judgment was rendered against all of the defendants for the sum of $299 66-100 debt, and fifty-four 93-100 dollars damages, and costs, and ordering the property attached to be sold to pay the judgment, among which was the property in controversy; that, on the 2nd day of January, 1863, a special execution was issued on said judgment for the sale of the property named therein.

The sheriff's return on this execution is as follows : "And on the 29th day of January, 1863, sold lot No. 1. of Kimbaugh's 1st addition to William J. McDaniel, at the court house door, for three hundred and sixty-two dollars, and the balance was received on sale of lot No. 1, Kimbaugh's 2nd addition in City of Springfield, which satisfies the within execution and costs, this January 29th, 1863."

This was all of the evidence in the case. After the close of the evidence the court, at the request of the plaintiff, amongst other declarations of law, declared the law to be, "that in an attachment suit, the affidavit is an element of jurisdiction and the necessary and indispensable pre-requisite to the issuance of the writ of attachment, and to the issuance of an order of publication and, until such affidavit has been filed, no jurisdiction can be acquired in the cause, although a writ of attachment be issued and levied on property, and although publication be actually made, the writ of publication in such case and all proceedings thereunder are *coram non judice* and void."

The defendants objected to this declaration of law and excepted. The court then refused the following declaration of law, asked for by defendants, and the defendants again excepted:

"That the deed of sheriff Reed to Anderson, read in evidence by defendant, passed all the right, title and interest of George M. Jones in and to the property sued for to said Anderson, unless it has been shown that the judgment and proceedings upon which said deed is based are absolutely void."

Judgment was rendered by the court in favor of the plaintiffs for one undivided half of the premises in controversy.

The defendants filed a motion for a new trial, on the grounds, that the court had made improper declarations of law at the request of the plaintiffs, and refused proper declarations of law asked for by the defendants; and because from the evidence the defendants were and are entitled to a judgment in their favor. This motion being overruled, the defendants again excepted, and have brought the case here by writ of error. The questions necessary to be considered in this case do not necessarily involve all of the questions so ably argued before this court by the attorney for the plaintiffs in error. The declaration of law asked for by the defendants and refused by the court, as above set forth, involves the only question necessary, in my judgment, to be inquired into in the investigation of the case. Does the sheriff's deed, read in evidence, have the effect to convey the title of George M. Jones to the property in controversy to Deborah A. Anderson? To settle this question it is not necessary to decide whether the judgment rendered in the attachment suit of William J. Mc-Daniel against Nicholas F. Jones, George M. Jones and James S. Jones was void or not. It does not appear from the whole record in the case, that any sale of the lot in question was ever made under or by virtue of any execution issued on said judgment, either to said Anderson or to any one else. The sale made to Anderson, it clearly appears from the sheriff's deed and the recitals therein, was made under and by virtue of an execution issued on a judgment rendered by the Greene

Circuit Court in favor of one Mercer Moody and against Nicholas F. Jones and James S. Jones; this judgment, it appears by the recitals in the sheriff's deed, was rendered on the 6th day of February, 1861, and it is recited in the sheriff's deed, that an *alias* execution issued on the judgment in favor of Moody on the 2nd day of January, 1863, which was delivered to the sheriff on said day, and that, by virtue of that execution, he levied on all the right, title, interest and estate of the said Nicholas F. Jones and James S. Jones in and to the property in controversy; and it is also recited, that it was by virtue of this execution and levy that he advertised and sold the property in controversy to Anderson, and that he sold him all of the right of the defendants which he might sell by virtue of said execution and levy. It is true, that in the conveying part of the deed he attempts to convey the title of George M. Jones as well as that of James and Nicholas Jones, but the judgment was not against George M. Jones, the execution was not against him, and the property levied on was not levied on as his property, but only as the property of the defendants in the execution, and, of course, no other interest could be sold or conveyed by virtue of said levy and sale.

There is no pretense that it is shown by the recitals in the sheriff's deed, that any sale of the lot in controversy was ever made or attempted by virtue of any execution issued in the attachment suit of McDaniel. It is recited in the commencement of the deed, that a judgment was recovered in said suit and an execution issued; it is not recited whether it was a general or special execution, nor is it shown that any action was ever taken under it of any nature whatever; but it is shown, that the lot was sold by virtue of the execution in favor of Moody, to which George M. Jones was no party. His title could not therefore have passed by the sheriff's deed. The court, thereupon, properly refused to declare the law to be, that the sheriff's deed, read in evidence, passed the title of George M. Jones to said Anderson. Whether an affidavit was necessary and indispensably requisite to the issuance of the attachment in the suit brought by McDaniel, or whether the court would get jurisdiction over

the property attached where no affidavit was made in the cause, are questions not necessary for this court to decide.

The declaration of law on that subject had no evidence upon which it could be predicated, as it was not shown, that any sale had been made by virtue of any process in the cause to which it referred. It was, therefore, a mere abstraction, so far as this case is concerned, and the question involved therein will not be discussed here; but as it clearly appears that the defendants have failed to show that they have received or acquired any title from George Jones, and as it is admitted that he was a part owner of the lot in controversy, it follows that the court properly rendered a judgment in favor of plaintiff for one undivided half of the property sued for.

With the concurrence of the other judges, the judgment of the Greene Circuit Court is affirmed. Judge Sherwood did not sit.