## CELIA OSBORNE, Respondent, v. PHENIX INSURANCE COMPANY, Appellant.

FIRE INSURANCE POLICY—CASH-VALUE CLAUSE—PURPOSE OF—ACTION ON INSURANCE POLICY—PLEADING—COMPLAINT—ESTOPPEL—OF INSURANCE CO.—TO DENY LIABILITY—ON GROUND OF OTHER EXISTING INSURANCE—KNOWLEDGE OF AGENT KNOWLEDGE OF COMPANY—EVIDENCE—INSTRUCTIONS—REFUSAL OF—NOT ERROR WHEN SUBSTANTIALLY COVERED BY INSTRUCTIONS GIVEN.

1. FIRE INSURANCE POLICY: CASH-VALUE CLAUSE: PURPOSE OF: ACTION ON INSURANCE POLICY: PLEADING: COMPLAINT. The purpose of a clause in an insurance policy that "the company shall not be liable beyond the actual cash value of the property at the time the loss or actual damage occurs," is to prevent a recovery of damages beyond the prescribed limitation. It does not limit the right of the plaintiff to prove and recover damages in an amount less than the actual cash value of the goods destroyed or injured; and while actual cash value at date of loss is the limit of recovery, it is not one of the constituent elements of a cause of action on the policy, and need not be alleged in the complaint.

2. ESTOPPEL OF INSURANCE CO.: TO DENY LIABILITY: ON GROUND OF OTHER EXISTING INSURANCE: KNOWLEDGE OF AGENT KNOWLEDGE OF COMPANY: EVIDENCE. Where, at the time an insurance policy is issued, the agent who acts for the company is informed of the existence of another policy on the property, the company is thereafter estopped from denying liability on its policy, notwithstanding its provisions relating to other policies, on the ground that there was another policy on the property at the time the one in question was issued.

3. INSTRUCTIONS: REFUSAL OF: NOT ERROR WHEN SUBSTANTIALLY COVERED BY INSTRUCTIONS GIVEN. Where an instruction given and not

objected to, substantially covers the ground of an instruction asked and refused and is really more favorable than the instruction refused, the refusal of such instruction is not error.

Decided April 23, 1901.

Appeal from the Third District Court, Salt Lake County.— *Hon. A. N. Cherry,* Judge.

Action to recover on a fire insurance policy for loss sustained from the destruction by fire of the property insured. From a judgment for plaintiff defendant appealed.

AFFIRMED.

*C. O. Whittemore, Esq., Pennel Cherrington, Esq.,* and *C. S. Price, Esq.,* for appellant.

As to the legal effect of the "other insurance" clause in the policy, the courts have been frequently called upon to construe similar provisions in fire insurance policies, and their decisions have been conflicting, but the weight of authority and the most logical opinions uphold the validity and binding effect of such provisions.   Gilbert v. Phenix Ins. Co., 36 Barb. 372 ; Bigler v. N. Y. Central Ins. Co., 22 N. Y. 402 ; Barrett v. Insurance Co., 7 Cush. 175 ; President, Directors, etc., Worcester Bank v. Hartford Ins. Co., 11 Cush. 265 ; Edward Hale v. Mechanics' Mutual Fire Ins. Co., 6 Gray 169 ; Bennett v. Ins. Co., 27 Atlantic 641 ; Insurance Co. v. Heiduck, 46 N. W. Rep. 481 ; Hess v. Ins. Co., 11 N. Y. Sup. 299 ; Hutchinson v. Ins. Co., 21 Mo. 97 ; Carpenter v. Providence Washington Ins. Co., 16 Peters 495 ; O'Leary Bros., etc., v. Mechanics' & Bankers' Mutual Ins. Co., 62 Am. St. Rep. 555.

One of the material averments in a complaint upon a

policy of this kind, which must be alleged and proven, is the value of the property at the time of the loss.    Phenix Ins. Co. v. Benton, 87 Ind. 132.

*Edward McGurrin, Esq.,* for respondent.

The appellant asks for a reversal of the judgment recovered herein upon three grounds:

The first—*because its consent in writing to the additional insurance was not obtained by the insured.*

The respondent testified that before the issuance to her of this policy she told the agent of the appellant that she was about to procure the additional insurance and that he offered no objection; that afterwards she told him that she had procured the additional insurance and that he then made no objection but accepted from her the premium and countersigned and delivered the policy to her.

This agent was authorized, in behalf of the appellant, to solicit contracts of insurance, fix rates, collect premiums and countersign and issue policies therefor.    He was the general agent of the appellant, and notice to him was notice to his principal.    Notice of the additional insurance which had been procured by the respondent having been given to appellant before the issuance of this policy, and thereafter having accepted the premium from the respondent, and issuing the policy to her, the appellant will not be heard to say that its agent had not authority to waive the condition in the policy requiring its consent to additional insurance to be first obtained in writing and it is estopped from asserting such a defense.    West v. Insurance Society, 10 Utah 442.

The doctrine announced in West v. Insurance Society, supra, is in accord with every recent case upon the subject. Farmers' Ins. Co. v. Taylor, 73 Pa. St. 342; Pelkington v.

Ins. Co., 55 Mo. 172; Hartford Ins. Co. v. McLemore, 26 S. W. 928; Russell v. Ins. Co., 55 Mo. 585; Hamilton v. Ins. Co., 94 Mo. 368; Planters' Ins. Co. v. Lyons, 38 Tex. 253; Insurance Co. v. McDowell, 50 Ill. 120; Sexton v. Ins. Co., 9 Barb. 191; House v. Ins. Co., 11 L. R. A. 340; 2 Wood on Insurance, secs. 382-383-430; 2 May on Insurance, sec. 370; Ostrander on Fire Insurance (2 Ed.), sec. 243.

The second ground urged by appellant is—because the complaint did not allege the *actual cash value* of the property at the time of its destruction.

By the terms of this policy, the respondent was insured against "loss or damage by fire," and the allegations of this complaint as to the value of the property destroyed were sufficient. Phoenix Ins. Co. v. Perkey, supra; Keeler v. Insurance Co., 16 Wis. 553-564; Jones v. Insurance Co., 55 Mo. 342; Tabor v. Goss, 11 Colo. 419; Ins. Co. v. Friedenthal, 1 Colo. App. 5; Blasingame v. Insurance Co., 75 Cal. 633; Ostrander on Fire Insurance (2 Ed.), sec. 415.


BASKIN, J.—This is an action to recover, on a fire insurance policy, for loss sustained from the destruction by fire of the property insured.

The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The defendant also objected, on the same ground, to the introduction by plaintiff of any testimony, and also raised the same question on instructions requested by it. These objections to the complaint were overruled by the trial court.

The jury returned a verdict in favor of the plaintiff for $500, and a judgment for that sum, and for costs, was rendered against the defendant.

The insurance policy, as an exhibit, was attached to and made a part of the complaint, and contains the following pro-

visions, to-wit: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs," and that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The complaint fails to allege in specific terms what the cash value of the property was at the time it was destroyed, but states that it consisted of household furniture, beds, bedding, carpets, family pictures and paintings, silver-plated ware, a piano, family stores and supplies, etc., and alleges that by their destruction the plaintiff sustained a loss of an amount exceeding $1,400.

The complaint also alleges "that at the time of the issuance of the said policy of insurance as herein recited, the plaintiff procured and had other and additional insurance covering the said property and of which fact the defendant then had actual and due notice. That, on, to-wit: May, 1899, the defendant denied all liability to the plaintiff in virtue of the terms and provisions of the said policy of insurance, stating as a reason for such denial the fact that the plaintiff had other and additional insurance upon the said property, and refused, and still refuses, to pay the plaintiff the said sum of $700, or any portion thereof."

This contention of the appellant is based upon two grounds to-wit: (1) The failure of the complaint to allege the cash value of the insured property at the time it was destroyed, and (2) that it appears from the complaint that at the time said policy was obtained there was another policy covering the same property, which the complaint fails to allege was, in accordance with the terms of the policy involved in this case, agreed to and the agreement indorsed thereon.

In respect to the first ground: The purpose of the clause in the policy that the "company shall not be liable beyond the actual cash value of the property at the time the loss or damage occurs," is to prevent a recovery of damages beyond the prescribed limitation. Its only legal effect is to exclude the evidence and prevent the recovery of any damages which might occur by fire, beyond that measured by the cash value of the property destroyed or injured. It does not limit the right of the plaintiff to prove and recover damages in an amount less than the actual cash value of the goods destroyed or injured; therefore, while the actual cash value at the time of the loss is the limit of the recovery, it is not one of the constituent elements of plaintiff's cause of action, and need not be alleged in the complaint. Hegard v. California Ins. Co., 11 Pac. 594-597.

In that case, the complaint failed to allege any value or cash value of the property in direct terms. The court, in its opinion, said: "The complaint, we think, contains all the necessary allegations, under the policy, as to value of property insured, and loss occasioned by its being burned. The fact that the policy declared the measure of recovery for loss sustained must be 'in no case greater than the actual damage to or cash value of the property at the time of the fire' only established a rule as to the proof necessary to be made in order to show the damage or loss sustained, and it was unnecessary to allege matters of evidence in the pleading. In the complaint the amounts of the losses upon the various kinds of property insured were stated separately, and demand for judgment for the aggregate sum of such losses was made, and that was sufficient for the purpose of informing the defendant how much, and on what account, the plaintiff claimed to recover against it. Boone, Code Pl., sec. 18. The court found that the loss

sustained by the plaintiff on account of the destruction of his building by fire was $1,200, the amount it was insured for; and, more, it does not seem necessary that the learned judge should have gone further, and stated the evidential fact that its cash value, when so destroyed, was a certain sum."

The case of the Phoenix Ins. Co. v. Benton, 87 Ind. 132, is the only one cited by appellants' counsel in support of their contention. In that case a demurrer to the complaint was interposed which was overruled by the lower court. The appellate court sustained the court below in overruling the demurrer, and in the opinion said: "The cause stated in the demurrer is, that the complaint does not state facts sufficient, under which the following objections are urged against the complaint: (1) It does not aver that the property was, when insured, of the value represented in the application for insurance. (2) It is not averred that the appellee was the owner of, or had any interest in, the insured property at the time he applied for and obtained the insurance. (3) It is not averred that the appellee had an interest in, or was the owner of, the insured property at the time it was so destroyed."

It is true that the court incidentally said that "The material averment is as to the value of the insured property that was destroyed by fire at the time of its destruction." It does not appear whether the value at that time was omitted in the complaint, nor did the demurrer raise that point. Notwithstanding the cause stated in the demurrer was that "The complaint did not state facts sufficient" the overruling of the demurrer was sustained. Except this dictum, there is nothing in the case which tends to sustain appellant's contention.

In regard to the second ground, it is alleged in the complaint, that at the time the policy in this case was executed, the agent who acted for the company was informed that there was another policy on the property. If that were so, and the

jury must have so found, the company is estopped from deny-
ing, notwithstanding the provisions of the policy respecting
other policies, its liability, on the ground that there was another
policy on the property at the time the one in question was is-
sued.   West v. Ins. Co., 10 Utah 442-448; Hamilton v. The
Home Ins. Co., 94 Mo. 353-360; Russell v. The State Ins.
Co., 55 Mo. 585; Pelkington v. Ins. Co., 55 Mo. 172; Plan-
ters Mut. Ins. Co. v. Lyons, etc., 88 Tex. 253; May on Ins.,
sec. 370; Woods Fire Ins., secs. 382-383; Ostranders Fire
Ins., sec. 243.

The objections to the complaint are not tenable.

The appellant contends that the motion for a nonsuit
should have been granted on the ground that the evidence
failed to show the cash value of the goods at the time of their
destruction or injury.

Upon an examination of the evidence we are of the opin-
ion that the evidence in this respect was sufficient, and justified
the verdict of the jury.

The appellant also objects to the refusal of the court to
give the following instruction requested by its attorneys, to-
wit:   "By the terms of the policy sued on in this action, it
was stipulated and agreed that the Phenix Insurance Company
should not be liable beyond the actual cash value of the prop-
erty at the time any loss or damage occurs; and the burden
of proving such actual cash value at said time, is upon the
plaintiff; and unless the plaintiff has shown by the evidence
what such actual cash value of any such property was at the
time of the fire, she can not recover for the loss thereof."

The court gave the following instruction:   "By the terms
of the policy sued on in this action it was stipulated and agreed
that the defendant should not be liable under said policy for
a greater proportion of any loss on the property described
therein than the amount therein insured should bear to the

whole insurance, whether valid or not. And the court instructs you that in this action you can not find a verdict for the plaintiff for a greater sum than is shown by the evidence to be the proportion of the loss sustained by the plaintiff, measured by the actual cash value of the property at the date of the fire, which the amount of this policy bears to the total amount of insurance on that property, and that the burden of showing the amount of such value, loss and total insurance, is upon the plaintiff."

No objection was made to this instruction.

In view of the stipulation of the policy quoted by the court in said instruction, and of the fact that there was a policy, other than the one in question, which covered the property, said instruction was properly given, and as no exception to the same was taken, and as it substantially covered the same ground as the one requested and was more favorable to the defendant than the latter one, the request of the defendant was properly refused.

This disposes of all of the objections presented by the appellant's brief.

It is ordered that the judgment of the court below be affirmed, and that the appellant pay the costs. *Bartch, J.,* and *Hart, D. J.,* concur.