Hillsborough, }
June 3, 1902. }

## SPALDING *v.* NEW HAMPSHIRE FIRE INSURANCE CO.

An insurance company is chargeable with the knowledge of its agent as to the existence of prior insurance upon property covered by its policies.

An insurer who issues a policy against loss by fire, with knowledge that prior insurance upon the same property is in force, is estopped from setting up in avoidance of his liability a condition that the policy shall be void if other insurance be effected without his written assent.

The erroneous admission of evidence which has no prejudicial effect does not furnish cause for disturbing a verdict.

No exception lies to the exclusion of testimony relating to a collateral matter only remotely connected with the question at issue.

ASSUMPSIT, upon a fire insurance policy. Trial by jury and verdict for the plaintiff. Transferred from the September term, 1901, of the superior court by *Peaslee*, J.

The plaintiff's evidence tended to prove the following facts: While his buildings were insured in another company for $900 and his household furniture for $100, he applied to Keyes,— the defendants' agent to solicit insurance, write policies, and collect premiums,— for $1,500 additional insurance on the buildings and $500 on furniture, etc., informing Keyes of the existing insurance. Keyes promised to write the additional insurance, and a few days later delivered to the plaintiff a policy and received the premium. This and the prior policy were of the standard form; and each contained a provision that it should be void "if the insured, at the time of any loss, has any other insurance on said property, without the assent in writing or in print of the company." The plaintiff did not examine the policy and supposed it was made in accordance with his agreement with Keyes. The buildings and their contents were destroyed by fire without the plaintiff's fault within the time covered by the policies. Neither company ever assented in writing or in print to the insurance written by the

other company. At the close of the plaintiff's testimony the defendants moved for a nonsuit, on the ground that there was a violation of the provision as to other insurance. The motion was denied, subject to exception.

The defendants' adjuster was called as a witness by the plaintiff, and testified that he told the plaintiff that he must comply with the terms of the policy. Subject to exception, he was asked by the plaintiff's attorney if at the time of their interview he had any sympathy for the plaintiff, and he replied: "I did not search my heart for it. I cannot answer your question. I do not know that I had any."

One defence was that the plaintiff burned his buildings, and evidence was introduced as to the value of the property. The following question propounded to the plaintiff on cross-examination was excluded, subject to exception: "When you got your tax bill in 1901, did you make any complaint? Was a part of your tax abated?"

*Wason & Moran*, for the plaintiff.

*Brown, Jones & Warren*, for the defendants.

CHASE, J. The defendants are chargeable with the knowledge of the prior insurance communicated to their agent by the plaintiff. P. S., c. 170, s. 3; *Perry* v. *Insurance Co.*, 67 N. H. 291, 295, 296, and authorities cited. It must be presumed that when the plaintiff paid the premium he relied upon the policy as a valid contract, such as he had bargained for. The defendants must have so understood when they accepted the plaintiff's money; they also knew that they gave him nothing in return for the money, in case the prior policy continued in force until a loss occurred and they should insist upon the condition which rendered the policy void if there was other insurance without their assent in writing or print. Under these circumstances, their character for honorable and fair dealing can be preserved only on the presumption that they overlooked the condition for the time being and forgot to express upon the policy their assent to the prior insurance, or that they waived the condition or held themselves estopped from setting it up. A contrary inference would impute to them the fraudulent act of taking pay for a contract which they knew the other party relied upon as valid and which they intended to avoid by reason of its invalidity.

It is held in many of the states that the insurers waive the condition in their policy, or are estopped to take advantage of it, when the fact which would render the policy void under the con-

dition exists at the inception of the contract and is known to the insurers. *Reed* v. *Insurance Co.*, 17 R. I. 785; *Van Schoick* v. *Insurance Co.*, 68 N. Y. 434; *Gray* v. *Insurance Co.*, 155 N. Y. 180, 184, and authorities cited; *Thebaud* v. *Insurance Co.*, 155 N. Y. 516, 522; *Morrison* v. *Insurance Co.*, 69 Tex. 353; *Havens* v. *Insurance Co.*, 111 Ind. 90, 92; *Lycoming Ins. Co.* v. *Barringer*, 73 Ill. 230; *Garland* v. *Insurance Co.*, 9 Ill. App. 571, 582; *Peoria etc. Ins. Co.* v. *Hall*, 12 Mich. 202; *Ætna etc. Ins. Co.* v. *Olmstead*, 21 Mich. 246, 253, 254; *Gristock* v. *Insurance Co.*, 87 Mich. 428; *Beebe* v. *Insurance Co.*, 93 Mich. 514; *Williams* v. *Insurance Co.*, 50 Ia. 561; *Bennett* v. *Insurance Co.*, 70 Ia. 600; *Roberts* v. *Insurance Co.*, 41 Wis. 321; *Anderson* v. *Assurance Co.*, 59 Minn. 182, 195; *Niagara Ins. Co.* v. *Johnson*, 4 Kan. App. 16; *Home Ins. Co.* v. *Hammang*, 44 Neb. 566, and numerous authorities cited therein, 581, 582, 583; *West* v. *Insurance Society*, 10 Utah 442; *Kruger* v. *Insurance Co.*, 72 Cal. 91; *Farnum* v. *Insurance Co.*, 83 Cal. 246; *Mesterman* v. *Insurance Co.*, 5 Wash. 524; May Ins., s. 497. In other states the courts have enforced the condition on the ground that parol evidence cannot be received to contradict the written instrument. *Batchelder* v. *Insurance Co.*, 135 Mass. 449; *Thomas* v. *Assurance Co.*, 162 Mass. 29; *Dewees* v. *Insurance Co.*, 35 N. J. Law 366; *Franklin Ins. Co.* v. *Martin*, 40 N. J. Law 568; *Bennett* v. *Insurance Co.*, 55 N. J. Law 377.

In this state the decided tendency of the decisions, if not their direct purport, has been to hold that insurers are estopped from setting up the fact which conflicts with the terms of the policy, in avoidance of their liability. *Marshall* v. *Insurance Co.*, 27 N. H. 157; *Campbell* v. *Insurance Co.*, 37 N. H. 35; *Clark* v. *Insurance Co.*, 40 N. H. 333; *Patten* v. *Insurance Co.*, 40 N. H. 375; *Barnes* v. *Insurance Co.*, 45 N. H. 21; *De Lancey* v. *Insurance Co.*, 52 N. H. 581; *Hadley* v. *Insurance Co.*, 55 N. H. 110; *Leach* v. *Insurance Co.*, 58 N. H. 245; *Carr* v. *Insurance Co.*, 60 N. H. 513; *Perry* v. *Insurance Co.*, 67 N. H. 291. *Hadley* v. *Insurance Co.* seems to be a direct authority in favor of the proposition in its application to a state of facts like that under consideration, although the case was disposed of by the decision upon another point. The condition of the policy relating to other insurance and the facts as to the existence of such insurance at the inception of the policy were substantially the same as those in this case. In deciding the point, *Cushing*, C. J., says (*p.* 116): "It would be difficult, I think, according to the ordinary rules of evidence, to prove an agreement to waive that condition previous to, or at the time of, making the policy with the condition in it; but I think that it was the duty of the agent to cause the proper indorsement to be made on the policy at the time it was issued, and he not having

done so, and the plaintiff having paid his premium and taken his policy relying upon this, that· the defendant company would be estopped from taking the objection." *Foster*, C. J. C. C., who sat in the case, "entirely" concurred in these views. *Ladd*, J., the other member of the court, said nothing about the point, but seems to have concurred therein; at least, he expressed no dissent.

The legislation of the state has also had a decided tendency in the same direction. It discloses a constant effort "to provide for the speedy adjustment and payment of losses, to take away technical and inequitable defences, and at the same time to protect insurers from fraudulent claims and vexatious suits." *Franklin* v. *Insurance Co.*, 70 N. H. 251, 258. Among the statutory provisions of this kind is the one that a policy shall not be avoided by reason of a mistake or misrepresentation unless intentionally or fraudulently made, or unless it contributed to the loss. P. S., *c.* 170, *s.* 2. Another is, that a change in the property insured, or ·in its use or occupation, or a breach of any of the terms of the policy by the insured, shall not affect the policy except while the change or breach continues. *Ib.*, *s.* 4. These provisions which, with the other sections of the chapter, are a part of every policy in the standard form (*Ib.*, *s.* 18), show that the legislature by adopting the form did not intend to create for the parties hard and fast provisions which could not be varied or avoided by the circumstances under which the contract was made. The intent was not to create new technical and inequitable defences to the contract, but to take away existing defences of that kind.

In view of the decisions and legislation of the state and the great preponderance of authority elsewhere, it must be held that the defendants would be estopped from setting up the condition relating to other insurance in avoidance of their liability under the policy if the plaintiff's evidence was believed. If the rule thus followed conflicts with the rule which prevents a written instrument from being controlled by parol testimony, it has been so generally adopted and become so firmly fixed in the law of insurance that it must be regarded as an exception to the latter rule. It has the great merit of working justice in cases of this kind, and undoubtedly arose from the necessity of the situation in order to accomplish that result. The exception to the denial of the defendants' motion ·for a nonsuit is overruled.

The exceptions to the rulings relating to the admission of testimony must also be overruled. The adjuster's testimony relating to sympathy for the plaintiff, if erroneously admitted, was harmless. The inquiry of the plaintiff as to his tax for 1901 related to a collateral matter more or less remotely, if indeed at all, con-

nected with the issue, and the ruling excluding it is not open to review here.

*Exceptions overruled.*

All concurred.