## MILLER v. ST. PAUL FIRE & MARINE INS. CO.

Under Civ. Code, § 1245, requiring a contract to be so interpreted as to give effect to the intention of the parties, the court, in construing a fire policy, must determine the intention of the parties at the time of the execution of the policy, and enforce it accordingly.

Under Civ. Code, §§ 1247, 1248, providing that the intention of the parties must be ascertained from the writing, the court, in determining the intention of the parties to a contract, must take into consideration the language thereof; and all the parts of the contract must be considered, and the intention ascertained from the words alone.

A fire policy, stipulating in the body thereof that it shall be void if insured has or obtains any other insurance without the assent of insurer, and providing in the attached rider, in which the property is described and the amount of insurance is stated, "$ . . . . . . . . other concurrent insurance permitted," does not permit additional insurance without the assent of insurer.

(Opinion filed November 21, 1910.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by H. A. Miller against the St. Paul Fire & Marine Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*W. F. Corrigan,* for appellant.

Though the contract of insurance prohibits other insurance and provides that the policy is avoided by the procurement of other insurance without the consent of the company, yet if it contains an endorsement permitting other concurrent insurance, then other and additional insurance may be made without endangering the original policy and such a clause or rider will prevent a forfeiture. N. J. Rubber Co. v. Commercial Union Assurance Co., 46 N. J. Law, 580, 46 Atl. 777; Medley v. German Alliance Ins. Co., 47 S. E. 101; Cooley's Law of Ins., vol. 2, p. 1833-4. The rules of construction of insurance policies are the same as applied to other instruments. Am. & Eng. Ency. of Law (2nd Ed.) Vol. 16, p. 862. No part of the words of a policy should be rejected as insensible or non-operative, if a rational or intelligent meaning can be given to them. Cooley's Law of Ins., Vol. 1, p. 628.

*L. W. Crowfoot,* for respondent.

A fire policy stipulated in the body thereof that it shall be void if insured has or obtains any other insurance without the assent of the insurer, and provided in the attached rider, in which the property is described and the amount of insurance is stated, $......, other concurrent insurance permitted, does not permit additional insurance without the assent of the insurer. Philadelphia Und. Ins. Co. v. Bigelow, 48 Fla. 105, 37 So. 210; LaBelle v. Georgia Ins. Co., 28 S. W. 133.

McCOY, J. Plaintiff, who is appellant, brought suit in the circuit court against the defendant to recover for the loss of certain store fixtures and furniture and stock of merchandise, totally destroyed by fire on the night of January 6, 1908, at Brentford, Spink county, while said furniture, fixtures, and stock of merchandise were covered by a policy of insurance by defendant company, in favor of plaintiff, to the amount of $500 on fixtures and

furniture and $1,000 on stock of merchandise. Defendant answered, admitting the issuance of said policy and the total loss by fire of the said property covered thereby. Defendant also admitted the allegations of the complaint that proof of loss had been made and sworn to and rendered to defendant, and that plaintiff had no other insurance on said property, except $500 on furniture and fixtures and $7,000 on stock of merchandise. Defendant denied the allegations of the complaint that the said stock of merchandise was of the value of $11,300 when destroyed by said fire, or of any other or greater value than $2,500, and also denied that the said furniture and fixtures were of the value of $1,100 when destroyed by said fire, or of any other or greater value than $500. Defendant also set up, among others, the following affirmative defenses against recovery on said policy: (1) That plaintiff fraudulently set said fire; (2) that the policy was void on account of the other insurance on the said property by the Citizens' Insurance Company, and the Queen Insurance Company, without the knowledge or assent of defendant; (3) that the plaintiff, in his sworn proof of loss, fraudulently overstated the amount of his loss. On the trial a verdict was rendered in favor of defendant upon all the issues, and judgment rendered thereon for defendant. Plaintiff moved for new trial, and, the same being overruled, he has brought the cause to this court on appeal, assigning various errors.

Appellant first contends that the trial court erred in its instructions to the jury in relation to other and additional insurance. In the body of the policy was the following clause: "This policy shall be void if the insured now has or shall hereafter obtain any other insurance on said property without the assent of this company." The description of the property insured and the amount of the insurance was according to the usual form, separately stated on a "rider" attached to the policy, and, so far as the same is material to this decision, read as follows:

"$........one-story frame building with composition roof and additions attached thereto," etc., "occupied by H. A. Miller as general merchandise store, situated on lot 5, block 13, Main street, town of Brentford, Spink County, South Dakota.

"$........other concurrent insurance permitted.

"$500.00 on store and office fixtures, including," etc.

"$........other concurrent insurance permitted.

"$1,000.00 on stock of merchandise, consisting of," etc.

"$........other concurrent insurance permitted."

The trial court on the question of concurrent insurance instructed the jury that there had been no waiver by the defendant company as to concurrent or additional insurance, unless its agent, who wrote the policy, had knowledge, at the time of the issuing thereof, that there was prior insurance on the property, and that, if the jury should find that at the time of issuing this policy the agent, Smith, did not know that there was other insurance on the stock under the policy issued by Hegnes, the plaintiff cannot recover anything., It will be observed that by this instruction the trial court wholly ignored that portion of the policy: "$...... other concurrent insurance permitted." This plaintiff claims was error. Without this clause, "$...... other concurrent insurance permitted," being contained in the policy, appellant concedes that the policy in question would be void on account of the concurrent or additional insurance; but appellant contends that this clause, "$...... other concurrent insurance permitted," was permission and assent given by defendant under the express terms of the policy, authorizing other concurrent and additional insurance, thereby rendering the said instruction of the court erroneous.

We are of the opinion that this contention is not tenable, and that the instruction given by the trial court was proper. It is a question of the intention of the parties at the time this contract was executed. If the words, "other concurrent insurance permitted," were not preceded by the dollar sign and a space for indicating the amount of concurrent insurance to be permitted, but stood alone, or were either prefixed or affixed to some sentence in that connection within the contract, then there might be some merit in the contention. The contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of the contracting, so far as the same is ascertainable and lawful. Section 1245, Civ. Code. And again, in determining the intention of the parties to a contract, the language of the contract must be taken into consideration. All the other parts and portions of the contract must also be considered, and where the contract is in writing the intention of the parties is to be ascertained from the words of the contract alone, if possible. Sections

1247 and 1248, Civ. Code. It is a matter of common knowledge that for convenience "riders" or printed forms are printed and used by those who write insurance for the purpose of avoiding the writing of long descriptions of property. One of such "riders" or printed forms was used in writing the policy in question. The "rider" form used consisted of six clauses, each beginning with the dollar sign, followed by blank space for numbers to indicate the amount of the insurance. There being no figures or numbers following the dollar sign in the first clause indicates that no insurance was intended to be written or placed on the store building; but the blank spaces as to the description, occupancy, and location of the building are filled in with the clear intention of locating the place where the insured property was to be kept. In the third clause the filling in of the figures "$500.00" in the space after the dollar sign clearly shows an intention that $500 insurance was placed on the articles of property described in that clause. The figures "$1,000.00" in the blank space following the dollar sign in the fifth clause clearly indicates an intention to insure the stock of merchandise to the amount of $1,000. It is also very clear that, as to the intention and purpose of clauses 2, 4, and 6 of the form used, they were printed and existed therein for the purpose of indicating the amount, if any, of the concurrent insurance permitted, when so permitted; and it is equally clear that, when these blank spaces for figures in clauses 2, 4, and 6 were left unfilled, it indicated that no amount of concurrent insurance should be permitted. If there had been any intention to permit concurrent insurance, the amount thereof would have been filled in the space provided for such purpose; and, when the amount was not so filled in, the effect was to leave the whole of clauses 2, 4, and 6 of this "rider" used out of the contract and as constituting no part thereof.

In Labell v. Georgia Home Ins. Co. (Tex. Civ. App.) 28 S. W. 133, on a policy providing that any additional insurance without the consent of the company would under the policy be void, it was held that a clause in such policy, "Total insurance permitted, $......," did not conflict with the policy, but was in

perfect accord with it; that the blank space was the place provided for the statement of the amount of additional insurance, when additional insurance was permitted, and, in the absence of any sum being named in the blank, it did not import the consent of the company to additional insurance, but the very contrary. Also to the same effect is Philadelphia Ins. Co. v. Biglow (Fla.) 37 South. 210. In Medley v. German Am. Ins. Co., 55 W. Va. 342, 47 S. E. 101, it is held otherwise; but the reasons given for the rule in the other cases cited seem to us to be founded in better reason.

Many other errors are assigned, based on alleged errors in the instructions given; but careful examination reveals no reversible error therein. A number of other errors are also assigned in relation to the reception of testimony; but we are unable to find any error therein that would warrant a reversal of the judgment.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J., took no part in this decision.