MARY FOUNTAIN, Appellant, v. THE STANDARD FIRE INSURANCE COMPANY, Appellee.

**Appeal:** REVIEW: CONCLUSIVENESS OF FINDING. The suggestion of a
1  wrong reason for a correct ruling by the trial court is not binding, either upon the parties or upon the appellate court.

**Insurance:** STIPULATION FOR ADDITIONAL INSURANCE. The fact that
2  the amount of additional insurance permitted is left blank in a policy will not be construed as permitting unlimited insurance, but rather as leaving that question undetermined by the parties.

*Appeal   from   Woodbury   District   Court.*—HON.   DAVID
MOULD, Judge.

FRIDAY, MARCH 15, 1912.

ACTION at law to recover upon a policy of fire insurance. There was a directed verdict and judgment for defendant, and plaintiff appeals.—*Affirmed*.

*R. H. Brown,* for appellant.

*Shull Farnsworth & Sammis* and *W. C. Howell,* for appellee.

WEAVER, J.—The plaintiff held a policy of insurance issued by defendant upon a certain business building which she owned in Jefferson, S. D. The building was destroyed by fire during the period covered by the policy, and this action is brought to recover the damages so sustained. By its answer the defendant alleges that plaintiff wholly failed to give to it any notice of her alleged loss as provided by law and the stipulations of the policy. It further alleges that by the terms of the policy the loss, if any was not to become due or payable until forty days after notice and proofs thereof had been given to the defendant, and that no such notice or proofs had ever been furnished. It further alleges that, before said loss by fire, the policy had been forfeited by several violations of its conditions on part of plaintiff, in that plaintiff had procured additional insurance on the building without defendant's consent, and had permitted said property to be sold under execution. After the filing of the answer, plaintiff amended her petition, alleging that by mistake a provision allowing her to obtain other concurrent insurance had been omitted from the policy, and asking that the contract be reformed accordingly. She also alleged that defendant had waived all objections to her alleged violations of the terms of the policy.

The contest upon the trial of these issues centered very largely upon the defense based on lack of due notice and proofs of loss, and upon the procurement of additional insurance on the building without defendant's consent. As the last defense, if sustained, will defeat a recovery by plaintiff and render unnecessary any discussion upon other issues, we give it first attention.

The stipulation of the policy is that it "shall be void

if the insured now has or shall hereafter procure any other
contract of insurance on the property" covered by such
policy except as the same may otherwise be provided by
agreement. It is conceded that at the date of this contract
plaintiff did hold two other existing policies of insurance
on the same property, one for the sum of $4,000 and the other
for $2,600. There is some testimony tending to show that
Pierce, the agent, had knowledge of the policy for $4,000
when he issued the one in suit, but there is nothing in-
dicating any knowledge or notice of the one for $2,600.
This fact must prove an insuperable obstacle to a recovery
in this case, unless the same is removed by another pro-
vision of the policy, which consists of a printed clause read-
ing as follows: "It is agreed that the insured may obtain
$—— additional insurance in companies authorized to do
business in the state of Iowa"—the blank above indicated
not being filled. This, appellant contends, authorized ad-
ditional insurance to an unlimited amount, and such it is
said was the view taken by the trial court. The only evidence
of such holding is in the statement contained in the abstract
that the court declined to consider the cross-petition for a
reformation of the policy, because in its view the clause
to which we have referred opened the door to additional in-
surance without limit, and no reformation of the policy was
needed for that purpose.

This at best is but the statement of the court's reason
for its ruling, and does not become the law of the case. In
our judgment the evidence failed to make a case on which
any reformation could properly be ordered, and the court's
suggestion of any other reason for denying the relief is
immaterial. It is an elementary proposition that the sug-
gestion of a wrong reason for a correct ruling by the trial
court is not binding either upon the reviewing court or upon
the parties.

We are of the opinion that the act of the parties in
leaving the blank unfilled is not to be construed as giving

the plaintiff the privilege of unlimited additional insurance. Its effect is rather to leave this clause without effect or force of any kind. It is as if the clause had been omitted entirely from the policy. *Miller v. Insurance Co.* (S. D.) 128 N. W. 609.

The defendant is therefore entitled to rely upon the violation of the stipulation against additional insurance as a defense to the action, and the record discloses nothing whatever which would justify a verdict that the forfeiture resulting from such violation had been waived. As a recovery under such circumstances could not be sustained, there was no prejudical error in directing a verdict for the defendant.

It follows the judgment below must be *affirmed*.