[Mahoning (7th) Court of Appeals, October Term, 1913.]

Metcalfe, Norris and Pollock, JJ.

LEAH M. McKELVEY, ET AL. V. EUREKA FIRE AND MARINE INS. CO. AND SECURITY FIRE INS. CO.

**Agent's Delivering Policy and Collecting Premium for Insurance, Attaching Slip Permitting Other Insurance Estops Company from Defense of Other Insurance Contrary to Terms of Policy.**

If an agent of a fire insurance company, who has authority to write insurance, deliver the policy and collect the premium, and who has been correctly informed of other insurance on the property attaches a slip containing the following: "Other in-

surance permitted to the amount of $————," to a policy
which provides that it shall be void if the insured has other
insurance on the property, unless the agreement is endorsed
on or added thereto, that no officer, agent or other representa-
tive of the company shall have power to waive any of the
provisions or conditions of the policy, delivers the policy and
collects the premium, he complies with the provisions per-
mitting concurrent insurance, and the company is estopped
from defending because of other insurance known to the agent
at the inception of the contract.

[Syllabus by the court.]

ERROR to common pleas court.

*Hine, Kennedy & Manchester*, for plaintiffs in error.
*J. W. Mooney*, for defendants in error.

## POLLOCK, J.

The plaintiffs in error held a policy of fire insurance is-
sued by the defendants in error, insuring a dwelling house to
the amount of $500, and a barn to the amount of $1,000. Dur-
ing the life of the policy the barn was totally destroyed by fire.

The plaintiffs brought an action in the court of common
pleas of this county against the defendants to recover the
amount of insurance on the barn.

The insurance companies filed an answer containing
several defenses, a jury was waived and the action submitted
to the court, which resulted in a judgment in favor of the de-
fendants. To reverse that judgment this action is prosecuted.

The only defense in the action below, that is now under
consideration, is that the policy was void for the reason that
at the time it was issued the plaintiffs had other insurance on
these buildings.

The finding of facts made by the court below sets out that
the policy contained the following provision:

"This entire policy, unless otherwise provided by agree-
ment endorsed hereon or added hereto   *   *   *   shall be void
if the insured now has or shall hereafter procure any other
contract of insurance, whether valid or not, on the property
covered in whole or in part by this policy.

This policy is made and accepted subject to the foregoing
stipulations and conditions, together with such other provisions,
agreements or conditions as may be endorsed hereon or added

McKelvey v. Insurance Co.

hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached to, or shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached.''

That at the time this policy was issued these buildings were insured by two other policies in other insurance companies, to the amount of $1750; that no written application was made by plaintiffs for this insurance, but at the time this policy was verbally applied for, the soliciting agent of the defendants was informed that these buildings were then covered by other insurance. The defendant had supplied the soliciting agent with blank policies and authorized him to write insurance, deliver the policy and collect the premium.

The agent, before he delivered the policy, attached to it a slip containing among other things, the amount of insurance on each building, and also the following: ''Other concurrent insurance permitted to the amount of $————.''

It is urged that the insurance company is now estopped from defending on the provision of the policy quoted above, by reason of the knowledge that its agent had of the concurrent insurance on the property at the time he issued this policy, that under policies containing similar provisions the Supreme Court of this state has held that the insurance company does not waive these provisions simply because the agent had notice or knowledge of the condition which rendered the policy void, and received the premium.

*Ohio Farmers' Ins. Co.* v. *Titus*, 82 Ohio St. 161 [92 N. E. Rep. 161]; *Union Cent. Ins. Co.* v. *Cook*, 62 Ohio St. 256 [56 N. E. Rep. 906]; *Travelers' Ins. Co.* v. *Meyers*, 62 Ohio St. 529 [57 N. E. Rep. 458; 49 L. R. A. 760].

It will be noticed that in the two cases last cited the condition which it is claimed waived the provision of the policy,

occurred after its delivery. In the case of *Ohio Farmers' Ins. Co.* v. *Titus, supra,* the mortgage incumbrance which rendered the policy void was placed on the property after the insurance had been issued, except the additional insurance of $200.

The Supreme Court does not in any of these cases distinguish between conditions which were prohibited by the policy which existed and were known to the soliciting agent at the time the policy was delivered, and those which arose and came to the agent's knowledge after its delivery.

The holding of the Supreme Court above referred to seems to be against the weight of authorities when the condition which avoided the policy existed at the time of its inception, and the agent of the defendants had knowledge of these conditions at the time he wrote and delivered the policy and accepted the premium. The weight of authorities appears to be that where the agent who has authority to write insurance, deliver the policy and receive the premium was informed of other insurance by the insured and then delivered the policy and received the premium, without making the endorsement, the company is estopped from defending a claim for loss under the policy by reason of concurrent insurance existing at the inception of defendant's policy.

1 Clement Fire Insurance 418, and cases cited; 2 Clement Fire Insurance 106, and cases cited; Ostrander Fire Insurance Sec. 243; Cooley, Insurance Secs. 2479 and 2482; *Staats* v. *Insurance Assn.* 55 Wash. 51 [104 Pac. Rep. 185]; *Spalding* v. *Insurance Co.* 71 N. H. 441 [52 Atl. Rep. 858].

Our attention has been called to the case of the *Northern Ins. Co.* v. *Building Assn.* 183 U. S. 308 [22 Sup. Ct. Rep. 133; 46 L. Ed. 213], cited in the case of *Ohio Farmers' Ins. Co.* v. *Titus, supra.* The great weight that should ordinarily be given to a decision of the Supreme Court of the United States is weakened in this case by the fact that three of the justices of that court dissented, and for this reason, the decision has not been generally followed by the state courts. Vance, Fire Insurance page 366, refers to this case and points out the reasons for not following it as authority.

We refer to the fact that the greater weight of authority

seems to be against the rule announced by our Supreme Court, only for the purposes of showing that the rule should not be applied to cases in which there are other facts in addition to those in the cases before the Supreme Court.

In this case the agent of the insurance company was informed by the insured at the time the application was made, of the prior insurance and he then attached to the policy the slip containing the following: "Other insurance permitted to the amount of $———.——." We have here the two facts combined, that the agent of the insurance company when he wrote the policy knew of the insurance, and attached to this policy a consent for other insurance, complete in every respect, except that the amount permitted was left blank.

To carry into effect the intention of the parties at the time it was entered into should be the governing principle in the construction of a contract. The Supreme Court says, in the case of *Mintier* v. *Mintier,* 28 Ohio St. 307:

"In giving construction to a contract, the intention of the parties will govern; and words which, in their strict legal import, are at variance with that intention, will be rejected, or construed so as to comport therewith."

And also further says, in the case of *Mosier* v. *Parry,* 60 Ohio St. 388 [54 N. E. Rep. 364]:

"Where the language of a contract is of doubtful import, it is proper to ascertain the circumstances which surrounded the parties at the time it was made, the object intended to be accomplished, and the construction which the acts of the parties show they gave to their agreement, in order to give proper construction to the words they have used in the instrument, and to determine its legal effect."

At the time this contract of insurance was entered into both the insurer and the insured knew that the buildings covered by their policy were covered by other insurance, and that this policy was intended to be additional insurance on the property.

"The words used in a policy of insurance should be interpreted most strongly against the insurer where the policy is so framed as to leave room for two constructions."

*Liverpool & L. & G. Ins. Co.* v. *Kearney,* 180 U. S. 132 [21 Sup. Ct. Rep. 326; 45 L. Ed. 460]. And in the opinion in this case, on page 186, Justice Harlan says:

"This exception rests upon the ground that the company's agents, officers or attorneys prepare the policy, and it is its language that must be construed."

In the case we are considering it was the insurance company's agent that attached the slip containing this consent for other insurance, and following the rule above stated the doubt as to the construction that should be given this by reason of the words and character, "Other insurance permitted to the amount of $———," should be interpreted most strongly against the insurance company.

The Supreme Court of this state has said:

"Provisions for forfeiture are to receive, when the intent is doubtful. a strict construction against those for whose benefit they are introduced.

"If it be left in doubt, in view of the terms of the instrument and the relations of the contracting parties, whether the given words were used in an enlarged or a restricted sense, other things being equal, that construction will be adopted which is most beneficial to the promisee."

*Webster* v. *Insurance Co.* 53 Ohio St. 558 [42 N. E. Rep. 546; 30 L. R. A. 719; 53 Am. St. Rep. 658]. In the opinion in this case, on page 563, Justice Spear says:

"Perhaps, technically speaking the claim is not one of forfeiture, for forfeiture is a deprivation or destruction of a right in consequence of the nonperformance of some obligation or condition, and we are not accustomed to associate the idea of forfeiture with a contract which has not existed, but manifestly the law as to forfeiture will furnish a guide to the proper disposition of the question."

This language of Spear, Justice, is applicable to the. case at bar. To adopt the construction claimed. by the defendants in error that this policy should be read as though the word "none" was written in the blank after the dollar mark, would be permitting the defendants to receive premium on a contract of insurance which never had any existence; where the agent

McKelvey v. Insurance Co.

that had authority to write insurance knew of the existence of the condition that made the contract void at the time he delivered the policy and received the premium. This should not be done unless the clear construction of the policy required it. Following the above rules, what was the intention of the parties to this contract, gather from a construction of the policy, the condition of the property, with reference to other insurance, the knowledge that the parties had, at the time the contract was entered into, of the other insurance, and the object intended to be accomplished. The better and sounder reasoning is that the insurer intended, by attaching this slip containing the provision permitting other insurance, the same to be a compliance with the other provisions of the policy requiring that the agreement to permit other insurance be endorsed on the policy, and that the insured accepted it in that belief. The insured, when he agreed to purchase this insurance, intended it to be an addition to the amount of insurance that was then upon this property. He knew that the agent, when he delivered the policy, had knowledge of the other insurance, and seeing this slip attached to the policy, would place no other interpretation upon it than that it was a permission for other insurance.

A construction should not be given to an insurance policy that is opposed to the intention of the parties, gathered from the policy and known circumstances at the time the contract was made.

Our attention has been called by the defendants to four cases, where slips were attached to the policies, containing permission for concurrent insurance with a blank as to the amount permitted, similar to the one in the policy in suit, in which it has been held that a slip containing such a blank did not authorize concurrent insurance.

The first case is *Labell* v. *Insurance Co.* 28 S. W. Rep. 133 (Tex.). In this case the additional insurance was placed on the property after the policy in suit has been issued, and neither the company nor its agent had any knowledge of the addi-

tional insurance until after the property had been destroyed by fire.

In the cases of *Philadelphia Underwriters' Ins. Co.* v. *Bigelow,* 48 Fla. 105 [37 So. Rep. 210]; *Miller* v. *Insurance Co.* 26 S. D. 454 [128 N. W. Rep. 609]; and *Fountain* v. *Insurance Co.* 155 Iowa 96 [134 N. W. Rep. 1090], while the other insurance was on the property at the time the policies were issued, yet the agent of the company issuing these policies had no knowledge of the existence of the concurrent insurance at the time the policies were issued.

We think these cases are distinguishable from the case at bar, where the agent was notified by the insured at the time he made the application that there was other insurance on the property, and after receiving this notice he attaches the slip containing permission for concurrent insurance, with blank amount, and delivers the policy.

The judgment of the court below is reversed, and judgment for the plaintiffs.

**Metcalfe** and **Norris, JJ.,** concur.