*Mr. W. R. Stewart*, for plaintiff in error.
*Messrs. Arrel, Wilson, Harrington & De Ford*, for defendant in error.

---

## McKELVEY ET AL. *v.* THE EUREKA FIRE & MARINE INSURANCE COMPANY ET AL.

*Fire insurance—Waiver by agent of additional insurance clause— Binds company, when—Knowledge of agent of other insurance —Estoppel to defense by company, when.*

If an agent of a fire insurance company, who has authority to write insurance, deliver the policy and collect the premium, who has been correctly informed of other insurance on the property, attaches a slip containing the clause, "Other concurrent insurance permitted to the amount of $————," to a policy which provides that it shall be void if the insured has other insurance on the property, unless the agreement is endorsed on or added thereto, and that no officer, agent or other representative of the company shall have power to waive any of the provisions or conditions of the policy, delivers the policy and collects the premium, he complies with the provisions permitting other insurance then on the property, and the company is estopped from defending because of other insurance known to the agent at the inception of the contract.

(Decided December 9, 1913.)

ERROR: Court of Appeals for Mahoning county.

POLLOCK, J.; METCALFE and NORRIS, JJ., concurring.

The plaintiffs in error, Leah M. McKelvey and others, held a policy of fire insurance issued by the defendants in error, The Eureka Fire & Marine Insurance Co. and The Security Fire Insurance Co., insuring a dwelling house to the amount of five hundred dollars, and a barn to the amount of one thousand dollars. During the life of the policy the barn was totally destroyed by fire.

The plaintiffs brought an action in the court of common pleas of this county against the defendants to recover the amount of insurance on the barn.

The insurance companies filed an answer containing several defenses, a jury was waived and the action submitted to the court, which resulted in a judgment in favor of the defendants. To reverse that judgment this action is prosecuted.

The only defense in the action below that is now under consideration is that the policy was void for the reason that at the time it was issued the plaintiffs had other insurance on these buildings.

The finding of facts made by the court below sets out that the policy contained the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto * * * shall be void if the insured now has or shall hereafter procure any other contract of insurance,

whether valid or not, on the property covered in whole or in part by this policy.

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent or representative shall have such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached hereto, or shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached."

That at the time this policy was issued these buildings were insured by two other policies in other insurance companies to the amount of seventeen hundred and fifty dollars; that no written application was made by plaintiffs for this insurance, but at the time this policy was verbally applied for the soliciting agent of the defendants was informed that these buildings were then covered by other insurance. The defendants had supplied the soliciting agent with blank policies and authorized him to write insurance, deliver the policy and collect the premium.

The agent, before he delivered the policy, attached to it a slip, containing, among other things,

the amount of insurance on each building and also the following: "Other concurrent insurance permitted to the amount of $————."

It is urged that the insurance companies are not estopped from defending by reason of the knowledge their agent had of the concurrent insurance on the property at the time he issued this policy; that under policies containing similar provisions the supreme court of this state has held that the insurance company does not waive these provisions simply because the agent had notice or knowledge of the condition which rendered the policy void, and received the premium. *The Ohio Farmers' Ins. Co.* v. *Titus,* 82 Ohio St., 161. *The Union Central Life Ins. Co.* v. *Hook,* 62 Ohio St., 256. *The Travelers' Ins. Co.* v. *Meyers & Co.,* 62 Ohio St., 529.

It will be noticed that in the two cases last cited the condition which it is claimed waived the provision of the policy occurred after its delivery. In the case of *The Ohio Farmers' Ins. Co.* v. *Titus, supra,* the mortgage encumbrance which rendered the policy void was placed on the property after the insurance had been issued, except the additional insurance of two hundred dollars.

The supreme court does not in any of these cases distinguish between conditions prohibited by the policy which existed and were known to the soliciting agent at the time the policy was delivered, and those which arose and came to the agent's knowledge after its delivery.

The holding of the supreme court above referred to seems to be against the weight of authorities

when the condition which avoided the policy existed at the time of its inception, and the agent of the defendants had knowledge of these conditions at the time he wrote and delivered the policy and accepted the premium. The rule which is more generally adopted by the courts is that where the agent who has authority to write insurance, deliver the policy and receive the premium, was informed of other insurance by the insured and then delivered the policy and received the premium without making the endorsement, the defendant is estopped from defending a claim for loss under the policy by reason of concurrent insurance existing at the inception of defendants' policy. 1 Clement on Fire Insurance, 418, and cases cited; 2 Clement on Fire Insurance, 106, and cases cited; Ostrander on Fire Insurance (2 ed.), §243; Cooley on Insurance, pp. 2479 and 2482; *Staats* v. *Pioneer Ins. Assn.*, 55 Wash., 51, 104 Pac. Rep., 185, 188 and 189; *Spalding* v. *New Hampshire Fire Ins. Co.*, 71 N. H., 441, 52 Atl. Rep., 858.

Our attention has been called to the case of *The Northern Assurance Co.* v. *Grandview Building Assn.*, 183 U. S., 308, cited in the case of *The Ohio Farmers' Ins. Co.* v. *Titus, supra.* The great weight that should ordinarily be given to a decision of the supreme court of the United States is weakened in this case by the fact that three of the justices in that court dissented, and for this reason the decision has not been generally followed by the state courts. Vance, in his work on insurance, on page 366, refers to this case and points out the reasons for not following it as authority.

We refer to the fact that the greater weight of authority seems to be against the rule announced by our supreme court for the purpose only of showing that the rule should not be applied to cases in which there are other facts in addition to those in the case before the supreme court.

In this case the agent of the insurance company was informed by the insured at the time the application was made of the prior ·insurance, and he then attached to the policy the slip containing the following: "Other concurrent insurance permitted to the amount of $————." We have here the two facts combined, that the agent of the insurance company when he wrote the policy knew of the insurance and attached to this policy a consent for other insurance, complete in every respect, except that the amount permitted was left blank.

To carry into effect the intention of the parties at the time it was entered into should be the governing principle in the construction of a contract. The supreme court say, in the case of *Mintier* v. *Mintier,* 28 Ohio St., 307:

"In giving construction to a contract, the intention of the parties will govern; and words which, in their strict legal import, are at variance with that intention, will be rejected, or construed so as to comport therewith."

And further say, in the case of *Mosier et al.* v. *Parry,* 60 Ohio St., 388:

"Where the language of a contract is of doubtful import, it is proper to ascertain the circumstances which surrounded the parties at the time it was made, the object intended to be accomplished,

and the construction which the acts of the parties show they gave to their agreement, in order to give proper construction to the words they have used in the instrument, and to determine its legal effect."

At the time this contract of insurance was entered into both the insurer and the insured knew that the buildings covered by the policy were covered by other insurance and that this policy was intended to be additional insurance on the property. *Liverpool & London & Globe Ins. Co.* v. *Kearney,* 180 U. S., 132. And in the opinion in this case, on page 136, Justice Harlan says:

"This exception rests upon the ground that the company's attorneys, officers or agents prepared the policy, and it is its language that must be interpreted."

In the case we are considering it was the insurance company's agent who attached the slip containing this consent for other insurance, and, following the rule above stated, the doubt as to the construction that should be given this policy by reason of the blank following the dollar character in the clause permitting other insurance, should be interpreted most strongly against the insurance company. The supreme court of this state has said:

"Provisions for forfeitures are to receive, where the intent is doubtful, a strict construction against those for whose benefit they are introduced.

"If it be left in doubt, in view of the terms of the instrument and the relation of the contracting parties, whether given words were used in an en-

larged or a restricted sense, other things being equal, that construction will be adopted which is most beneficial to the promisee." *Webster* v. *Dwelling House Ins. Co.,* 53 Ohio St., 558.

In the opinion in this case, on page 563, Justice Spear says:

"Perhaps, technically speaking, the claim is not one of forfeiture, for forfeiture is a deprivation or destruction of a right in consequence of the non-performance of some obligation or condition, and we are not accustomed to associate the idea of forfeiture with a contract which has not existed; but manifestly the law as to forfeiture will furnish a guide to the proper disposition of the question."

This language of Spear, J., is applicable to the case at bar. To adopt the construction claimed by the defendants in error that this policy should be read as though the word "none" was written in the blank after the dollar mark, would be permitting the defendants to receive a premium on a contract of insurance which never had any existence, where the agent who had authority to write the insurance knew of the condition that made the contract void at the time he delivered the policy and received the premium. This would be giving to the policy a construction most strongly in favor of the party who prepared the contract and for whose benefit the condition making the policy void was introduced, and should not be done unless the clear construction of the policy required it. Following the above rules, what was the intention of the parties to this contract, gathered from a construction of the policy, the condition of the prop-

erty with reference to other insurance, the knowledge that the parties had at the time the contract was entered into of other insurance on the property and the object intended to be accomplished? The only answer that can be made is that the insurer, by delivering the policy and receiving the premium, intended to make a valid contract of insurance, and by attaching to the policy the slip containing this provision permitting other insurance, it complied with the conditions of the policy permitting other insurance then on this property, and cannot now resist payment of the loss because of the other insurance on the property known to the agent at the time he delivered the policy. The insured, when he agreed to purchase this insurance, intended it to be an addition to the amount of insurance that was then upon this property. He knew that the agent when he delivered the policy had knowledge of the other insurance, and seeing this slip attached to the policy would place no other interpretation upon it than that it was a permission for other insurance.

That construction should be given to an insurance policy which will carry into effect the intention of the parties, gathered from the policy and the known conditions at the time the contract was entered into, rather than a technical construction which will defeat the object to be accomplished.

Our attention has been called by the defendants to four cases where slips were attached to the policies containing permission for concurrent insurance, with a blank as to the amount permitted similar to the one in the policy in suit, in which it has

been held that a slip containing such a blank did not authorize concurrent insurance.

The first case is *Labelle* v. *Georgia Home Ins. Co.,* 28 S. W. Rep., 133 (Texas). In this case the additional insurance was placed on the property after the policy in suit had been issued, and neither the company nor its agent had any knowledge of the additional insurance until after the property had been destroyed by fire.

In the cases of *Philadelphia Underwriters' Ins. Co.* v. *Bigelow et al.,* 48 Fla., 195, 37 So. Rep., 210; *Miller* v. *St. Paul Fire & Marine Ins. Co.,* 26 S. Dak., 454, 128 N. W. Rep., 609, and *Fountain* v. *Standard Fire Insurance Co.,* 155 Ia., 96, 134 N. W. Rep., 1090; while the other insurance was on the property at the time the policies were issued, yet the agent of the company issuing these policies had no knowledge of the existence of the concurrent insurance at the time the policies were issued.

We think these cases are distinguishable from the case at bar, where the agent was notified by the insured at the time he made the application that there was other insurance on the property, and after receiving this notice he attached the slip containing permission for concurrent insurance, with blank amount, and delivered the policy.

The judgment of the court below is reversed, and judgment for the plaintiffs.

*Judgment reversed.*

*Messrs. Hine, Kennedy & Manchester,* for plaintiffs in error.

*Mr. J. W. Mooney,* for defendants in error.