Hillsborough,
May 27, 1940. } No. 3163.

EVANGELINE PAPANDROU *v.* CALEDONIAN INSURANCE CO.

SAME *v.* COMMONWEALTH INSURANCE COMPANY OF NEW YORK.

SAME *v.* HARTFORD FIRE INSURANCE CO.

*McLane, Davis & Carleton (Mr. Carleton* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendants.

WOODBURY, J.    The policies in the Commonwealth and Hartford companies were taken out at the time when the property insured was mortgaged by the plaintiff to the Manchester Federal Savings and Loan Association to secure a loan of eleven hundred dollars.    Each policy was in the amount of five hundred and fifty dollars, was payable under the standard New Hampshire union mortgage clause to the mortgagee "as interest may appear," permitted other insurance "but total insurance, including this policy, limited to $1,100.00 on said building," and provided that "if . . . the insured, at the time of any loss, has any other insurance on said property without the assent in writing or in print of the Company . . . this Policy shall be void."

While these policies were in force the plaintiff, through her brother and duly authorized agent, applied to an agent of the Caledonian company for additional insurance upon the property.    The agent

for this company asked if there was other prior insurance and was told that there was. With respect to this transaction the master found "the testimony of Gregory [the plaintiff's brother and agent] more probably true than otherwise, in telling Leo [the Caledonian company's agent] that his sister had borrowed $1,000 from the Federal Loan Association, and it had insurance for its protection, and directed Leo to get the figure of outstanding insurance from the Association or from the Lockwood Agency, as he was not sure about it." The master found "no evidence that Leo followed Gregory's suggestion," and the Caledonian policy, written in the sum of $1,500, permitted other insurance "but total insurance, including this policy, limited to $2,500 on building."

While all of these policies were in effect, a fire occurred in the building which reduced its value from $2,600 to $600. After this loss the Hartford and Commonwealth companies paid the mortgagee the full amount of its loan to the plaintiff and, under the terms of their policies, took from the mortgagee an assignment of its mortgage "together with the note and debt thereby secured." The Caledonian company refused to pay its policy.

With respect to this latter policy the master found: "There was no fraudulent misrepresentation on the part of Gregory, nor was there any fraudulent concealment for he made available to Leo proper sources of information where the full facts could have been obtained, which Leo failed to avail himself of." He also found: "While the total insurance was $2,600. and the limit was $2,500., yet that situation is not due to any wrong of the plaintiff, and was in fact not known to her or her agent, but was due to the failure of the insurer to avail itself of the sources of information made available by the plaintiff's brother."

The circumstances surrounding the inception of the Caledonian policy were not the same as those considered in the case of *Spalding* v. *Insurance Co.*, 71 N. H. 441, nor were they the same as those considered in *Morin* v. *Insurance Co.*, 87 N. H. 159. In the *Spalding* case the insured told the agent for the defendant insurer that there was other prior insurance upon the property and told him full particulars concerning it, but the agent, in writing the second policy, neglected to insert any provision in it for double insurance. Under these circumstances the second insurer was held liable upon its policy. In the *Morin* case the insured told the agent for the second insurer that he did not know whether earlier insurance upon the property had expired or not, but told the agent where to inquire to find out,

if it was of importance to know, and the agent promised that he would. He did not do so and there was in fact other unexpired insurance on the property when it burned, but the second insurer was nevertheless held liable upon its policy. In the case at bar the agent for the insured told the agent for the second insurer that there was other insurance upon the property but that he did not know its amount. He also informed the agent of the circumstances surrounding the issuance of the earlier policies and where to inquire concerning their terms, but it does not appear that the agent for this insurer promised to investigate the earlier policies.

Since there is no finding here that the agent for the second insurer promised the insured that he would investigate for him the situation with respect to prior insurance, the rule of the *Morin* case does not apply. But, the rule of the *Spalding* case does. In that case, as in the instant one, the agent for the second insurer was informed, not that there might be, but that there was other insurance upon the property. In the *Spalding* case the agent failed to note in the policy the existence of this earlier insurance but the insurer was held to have its agent's knowledge thereof and was held to be estopped to take advantage of its clause against double insurance. In the instant case the agent, although he noted in the policy the fact that there was other insurance, noted its amount inaccurately when he could, upon the information given to him, have verified his information. In short, with his eyes open he chose to act upon a guess. In one case the agent's knowledge was complete and accurate and in the other incomplete and inaccurate and hence so known to his principal. Since the insurer consented to write its policy on the basis of information knowingly arrived at by guess work it cannot be permitted to rely upon the inaccuracy of that information to avoid its policy. "Under these circumstances, their [the insurer's] character for honorable and fair dealing can be preserved only on the presumption that they overlooked the condition for the time being . . . , or that they waived the condition or held themselves estopped from setting it up. A contrary inference would impute to them the fraudulent act of taking pay for a contract which they knew the other party relied upon as valid and which they intended to avoid by reason of its invalidity." *Spalding* v. *Insurance Co.*, 71 N. H. 441, 442.

Since the writer of the later policy may not deny the validity of its obligation, its policy constituted other insurance in force at the time of the fire, and so, under the terms of the Hartford and Commonwealth policies, rendered them invalid as to the plaintiff, mortgagor. Under

their mortgage clauses it did not affect their validity as to the mortgagee and these insurers have recognized their liability by paying the plaintiff's obligation to it in full, and taking an assignment of the mortgage and the debt thereby secured. The situation, then, is this. The Caledonian company is liable upon its policy to the plaintiff. The Hartford and Commonwealth companies are not liable to the plaintiff but were to the plaintiff's mortgagee and have performed their obligation and taken an assignment of the former mortgagee's rights against the plaintiff. To the extent of this mortgage indebtedness the latter companies have paid an obligation of the plaintiff, not as volunteers but under the terms of their contracts with her, and they now stand in the place of her original mortgagee. So, to avoid circuity of action, the Caledonian company should pay the Hartford and Commonwealth companies the amount of the plaintiff's mortgage obligation which they have paid, that mortgage should be discharged of record and the note which it secured surrendered to the plaintiff, and any balance of the face amount of the policy remaining in the hands of the Caledonian company paid to her. *Labonté* v. *Insurance Co.*, 88 N. H. 219. Since there was only one policy of insurance in effect at the time of the loss, and since the amount of this policy, $1,500, was less than the amount of the loss, no question of apportionment of loss is presented.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.